JOHN G. CLARKE, Administrator of JONATHAN N. HAZARD *et al.*, *vs.* ATTMORE ROBINSON *et al.*

A. mortgaged corporate stock to B. and C.

*Held*, that the effect of foreclosure was to vest the stock in B. and C., at least in equity, as tenants in common in proportion to their respective claims.

C. subsequently transferred his claim and his interest in the stock to B., and afterwards B. sued A. for the whole amount of the original mortgage debt from A. to B., and obtained judgment.

*Held*, that the judgment opened the mortgage to redemption as to the original debt from A. to B.

Whether the mortgage after the judgment was wholly redeemable as to the original debt from A. to B. and C., or only as to the original debt from A. to B., is not decided.

The judgment taken by B. against A. included claims other than those covered by the mortgage. After judgment entered, B. filed what purported to be a remittitur of so much of the judgment as was covered by the mortgage.

*Held*, that the remittitur was inoperative. A remittitur avails between verdict and judgment, not after judgment.

BILL IN EQUITY to redeem a mortgage and for an account.

After the opinion given in the last preceding cases, a trustee was appointed to represent the legal title conveyed to Elisha R. Potter, and the bill of complaint in No. 113 was amended. The respondents answered the amended bill, and the cause was heard on bill, answer, and proofs.

*Providence, July* 23, 1887. PER CURIAM. We think the defendant, by suing for the full amount of the debt secured to him by the mortgage and taking judgment therefor, must be held to have disclaimed the foreclosure, if the mortgage was ever foreclosed, and to have opened the mortgage to redemption. He claims that his only purpose was to prove that the debt had never been paid by the mortgagor as alleged in an earlier suit in equity, and that he ought not to be held to have opened the foreclosure, since he did not intend to do so. But he might have proved the non-payment in the suit in which it was alleged as properly as in the action at law. It appears that the debt had been reduced to judgment, and the defendant, in his declaration in the action at law, alleged that it remained wholly unsatisfied, an allegation inconsistent with the claim that the mortgage has been foreclosed, since the debt must have been satisfied in part at least by foreclosure. The defendant prosecuted the action to final judgment after the commencement of the present suit in equity in which the complainant had made the claim that the foreclosure was opened by the action, so that he cannot say that, in taking the judgment for the full amount of the debt, he acted inadvertently. It is true that after the judgment he filed a paper purporting to be a remittitur of so much of the judgment as was made up by the debt; but this was after the court had decided that, presumptively at least, the foreclosure must be held to have been disclaimed and opened by the action at law, and, as the cases and authorities cited by the complainant show, the paper is inoperative as a remittitur, since a remittitur avails only after verdict and before judgment to remedy an excess, but after judgment it is of no effect. The result is that the debt by force of the judgment subsists as a valid claim for its full amount; and if the debt so subsists, the mortgage, which was given only as security for it, must also still subsist and be redeemable. In the brief report of the ancient case of *Dashwood* v. *Blythway*, 1 Eq. Cas. Abr. 317, case 3, the decision is given thus: " If a mortgagee has a decree of foreclosure, though that decree be signed and enrolled, yet, if he after brings an action of debt on the bond given at the same time for the payment of the money and performance of the covenants in the mortgage deed, such action opens again the fore-

closure and lets in the equity of redemption of the mortgagor." It was long questioned whether an action for the deficiency, when the mortgage was insufficient to satisfy the debt, did not also open the foreclosure, it being assumed as beyond question that an action prosecuted to final judgment for the full amount would have that effect. Here the defendant took the judgment reviving the judgment in full deliberately, after being put on his guard; and we think that, whatever intention or want of intention he may have had in his own mind, he must abide the legitimate effect of such revival.

The mortgage was originally given to secure not only the debt due to the defendant, but also a debt due to one William A. Robinson. If the mortgage was ever foreclosed, the effect of the foreclosure was, in our opinion, to vest the mortgaged property in the defendant and said William, at least in equity, as tenants in common proportionately to their respective claims. The bill alleges that, after the time of the alleged foreclosure, said William transferred his claim and his interest in the property to the defendant. Whether, if this be so, the mortgage is wholly open to redemption, or only proportionately to the debt thereby secured to the defendant, is an interesting question which has not been discussed at the bar nor considered by the court. At present we only decide that the mortgage, as original security for the debt due the defendant, is open to redemption.

*Edwin Metcalf, Joseph C. Ely,* and *Amasa M. Eaton,* for complainants.

*Arnold Green,* for respondents.