## SCOTT, _Ex'x_, v. CHILDS.

The acceptance by a mortgagee of money to be applied on the mortgage debt, after a foreclosure, amounts to a waiver of the foreclosure and restores the mortgage.

It seems that an agreement between mortgagor and mortgagee, that after a formal foreclosure the mortgagor shall remain in possession, paying interest on the debt as rent, and have a reconveyance by paying the whole debt, may have the effect to defeat such a foreclosure.

BILL IN EQUITY. Facts found by a referee. About 1848 the defendant gave a mortgage of the demanded premises to James Scott. In 1868 a writ of entry was brought to foreclose this mortgage, and a conditional judgment rendered thereon for $2,874.51 at the May term, 1868. A writ of possession was issued on this judgment, dated April 24, 1869; but the defendant continued to occupy the premises under a verbal agreement, made before the suit to foreclose was commenced, that Scott should foreclose his

mortgage, and the defendant should continue to occupy under him, and pay, as rent, the annual interest on the debt, and the taxes, and should keep the premises in repair. This agreement was afterwards, in 1878, reduced to writing, and executed by the parties under seal.

In 1878 Scott received $2,000 from the P. & H. Railroad for land taken for the location of their road upon the mortgaged premises, which by agreement with the defendant was to be applied on the debt.

In 1884 Scott purchased and moved upon the premises a building, which he fitted up there at an expense of about $800 in the whole, from which he and the plaintiff have received $495 in rents. Scott also paid some taxes and insurance on this building. The defendant has paid all other taxes on the premises, has kept them in repair, and has made considerable permanent improvements thereon.

If upon these facts the defendant has a right to redeem, and annual interest is to be allowed, the referee finds the amount due, May 11, 1887, to be $5,143.14. If simple interest only is allowed, the amount due May 11, 1887, is $4,028.91. To either of these amounts is to be added $352.44, or $752.44, as the court shall find upon the question of allowing the plaintiff for the increased value of the premises by reason of the building referred to above.

*F. G. Clarke*, for the plaintiff.

*R. B. Hatch* and *C. H. Burns*, for the defendant.

BINGHAM, J. An entry under process of law and continued actual possession for one year, for the purpose of foreclosing, will foreclose a mortgage, and operate as a payment of the mortgage debt to the value of the land taken. In this case the inquiry arises whether Scott complied with these requirements. He entered under process in due form, but he did not do it for the purpose of foreclosing his mortgage and taking the land at the close of the year for redemption unless the debt was paid; neither did he remain in the continued actual possession for one year for that purpose; on the contrary, he entered and left the defendant in possession, under a special agreement which did not require the debt or any part of it to be paid within or at the close of the year of redemption, or surrender the possession with all his rights in the same foreclosed, and such was not Scott's intention when he entered; but he entered under an agreement that created a tenancy, in which the defendant was to continue to occupy under him indefinitely as the equitable owner, paying annual interest on the debt, the taxes, and making the repairs, Scott giving the defendant a bond to reconvey the premises to him when he should pay Scott the mortgage debt. This agreement was made in 1868,

before the process was obtained under which the entry was made, with the understanding between the parties that it was to fix the relations between them under any formal foreclosure that should be obtained; and while Scott lived the parties acted substantially in accordance with this understanding.

In 1878 Scott received of the railroad for land damages $2,000, agreeing to apply it to the extinguishment of the debt. On the facts appearing, the better view would seem to be that the statute has not been complied with, either in its letter or its spirit, and that the mortgage was not foreclosed; but however this may be, it is well settled that the receiving of the $2,000 in 1878, on the agreement to apply it on the mortgage debt, operated as a waiver of the foreclosure, if one was ever perfected, so that it becomes, so far as the defendant's rights in the case appear, immaterial whether it was foreclosed or not, as the right to redeem in either event is still open. *Deming* v. *Comings*, 11 N. H. 479, 483; *McNeil* v. *Call*, 19 N. H. 403, 414.

The original note became merged in the judgment, and the rate of interest became changed from annual to simple; but the verbal agreement made before the judgment, which was afterwards reduced to writing, sealed, and executed by the parties, calls for annual interest on the amount of the judgment, which restores the rate; and annual interest should be allowed.

The plaintiff is entitled to recover the cost of the building moved on the premises, less the rents received. The other exceptions taken at the trial are not now insisted upon.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.