MARIA A. WENZEL v. HENRY A. WEIGAND and Others.[1]

May 13, 1904.

Nos. 13,829—(79).

**Equitable Mortgage.**

The mortgagee of a first and second mortgage upon certain real estate foreclosed the first and purchased the property at the foreclosure sale. After the time for redemption expired, an accounting was had with the mortgagor, wherein it was found that he was still indebted to the mortgagee in the sum of $705, of which $175 was due under the second mortgage. It was then orally agreed between the parties that, if the mortgagor would pay $500 cash, the mortgagee would deed back all of the property, with the exception of one lot, which he would hold as security until the other $205 was paid, when he was to deed that lot also. Pursuant to this agreement the mortgagor paid the $175 due on the second mortgage, whereupon the mortgagee executed a satisfaction thereof, and subsequently thereto the mortgagor paid the remainder of the total amount due. *Held*, the mortgagor was entitled to equitable relief adjudging that she was the owner of the premises, title to which was held by the mortgagee.

Appeal by defendants from a judgment of the district court for Wright county, entered pursuant to the findings and order of Giddings, J. Affirmed.

[1] Reported in 99 N. W. 633.

*James C. Tarbox,* for appellants.

A mortgagee after his title has become absolute cannot reconvey that title to the mortgagor by parol and without any written instrument, nor can the former mortgagor, by parol and without any written instrument, revive and reinstate a lien that has ceased to exist, not only to secure the debt for which it was originally created, but also to secure other debts which had no connection with it. G. S. 1894, § 4213. Conceding, for the purposes of the argument, that a mortgagee can, by parol, extend a time of redemption which is still running, still he cannot create a right of redemption by parol when no right of redemption exists. Steele v. Bond, 28 Minn. 267. If a conveyance once takes effect as an absolute deed, it cannot, at law, be turned into a mortgage by a subsequent defeasance. The defeasance must operate, if at all, simultaneously with the deed. Lund v. Lund, 1 N. H. 39; Bodwell v. Webster, 13 Pick. 411; Freeman v. Baldwin, 13 Ala. 246; Cotton v. McKee, 68 Me. 486; Vasser v. Vasser, 23 Miss. 378; Jones, Mortg. (6th Ed.) §§ 245, 246, 257; Kearney v. Macomb, 16 N. J. Eq. 189, 194; King v. McCarthy, 50 Minn. 222; Pierce v. Clarke, 71 Minn. 114; Veazie v. Morse, 67 Minn. 100; Wolford v. Farnham, 44 Minn. 159; Randall v. Constans, 33 Minn. 329; Gardner v. McClure, 6 Minn. 167 (250).

*W. H. Cutting,* for respondent.

LEWIS, J.

Plaintiff, owner of certain premises, executed to one Grest a first mortgage to secure a note for $591, and a second mortgage to secure a note for $152. The first mortgage was foreclosed, and the premises purchased by the mortgagee for $1,010. A certificate of sale was duly issued, and, there being no redemption, title passed to the purchaser. A few days after the year of redemption expired, Grest and plaintiff had an accounting, in which it was found that plaintiff still owed Grest the sum of $705, made up by a balance of $175 remaining due under the second mortgage, and $30 of unsecured indebtedness, and it was then agreed between them that, if plaintiff would pay the sum of $500 in cash, Grest would deed to plaintiff all of the land which he, Grest, had purchased at the foreclosure sale, with the exception of lot 3, which it

was agreed he would hold as security for the remainder of the amount due, viz., $205, and upon payment of that amount he would deed the lot to plaintiff. About four months after this agreement was entered into, and pursuant thereto, plaintiff paid Grest the sum of $175, whereupon Grest executed and delivered to plaintiff a satisfaction in full of the second mortgage, and one year thereafter plaintiff paid the remaining $30, with interest, thereby performing in full her part of the oral agreement above referred to.

Grest died, and this action was brought against his heirs to give effect to the agreement upon the theory that it was an equitable mortgage, and that judgment be entered discharging the same, and adjudging that defendants have no right or interest in the lot. At the trial the court found the facts to be substantially as above set forth, and, additionally, that plaintiff had been in possession of the property for about seven years prior to the date of the agreement, and that, relying upon such agreement, she had made the payments, remained in possession, and had inclosed the land with fences, and occupied it for pasturage purposes. The value of the lot was found to be about $800, and judgment was ordered as prayed for.

The sole question raised upon this appeal is whether the conclusions of law are sustained by the facts as found by the court. It is not necessary to determine whether an action would lie on the part of plaintiff to compel the specific performance of the contract, treating the agreement as one for the purchase of real estate. From the findings of fact it is to be inferred that the parties assumed the second mortgage had not been extinguished by the foreclosure of the first, and that it was their purpose, upon the payment of the sum of $500, to restore to plaintiff all of the lands, with the exception of lot 3, which should be held as security until the amount due upon the second mortgage should be paid, when it was to be satisfied, and deeded to plaintiff upon the full payment of the entire amount found due under the accounting. It is immaterial whether in fact the second mortgage was extinguished by the foreclosure of the first. If the parties dealt with one another upon the assumption that the second mortgage was still valid, the obligations assumed upon such basis are not void because they were mistaken. The effect of the transaction was the same as though Grest had deeded lot 3 to plaintiff, and she had then executed a mortgage upon it as security

for the amount remaining due. The parties having dealt in good faith in the manner in which they did, and plaintiff having carried out her part of the agreement in full, Grest was not in position to accept and retain her money, and at the same time keep the land. Under such circumstances the transaction may well be called an equitable mortgage. In any event, we know of no statute or law which would enable Grest or his heirs and representatives to take advantage of the situation.

Judgment affirmed.