[Civ. No. 458. Second Appellate District.—March 23, 1908.]

## JENNIE BRISTOL, Appellant, v. MIRA HERSHEY, Respondent.

MORTGAGE—SALE UNDER FORECLOSURE—DEFECTIVE CERTIFICATE OF SALE—CORRECTION.—Upon a sale under the foreclosure of a mortgage, the statute only requires the certificate of sale to be filed, and does not require it to be recorded. If the certificate of sale is defective, the sheriff may correct it by the filing of a new certificate.

ID.—FORECLOSURE OF JUNIOR MORTGAGE—EFFECT OF REDEMPTION FROM SALE UNDER PRIOR MORTGAGE—ASSIGNMENT OF CERTIFICATE—DEED. If, after the foreclosure of a prior mortgage and sale thereunder, a junior mortgage is foreclosed, and another sale made thereunder, the junior mortgagee becomes the successor in interest of the debtor, and a redemption by him from the prior sale is adverse to the debtor, and cannot inure to his benefit; and where such junior mortgagee assigns a correct certificate of sale under his foreclosure to the prior mortgagee, who held a defective certificate, the prior mortgagee succeeds to all the rights of the junior mortgagee, and may acquire a valid deed under such certificate.

ID.—ORAL AGREEMENT FOR REDEMPTION BY DEBTOR FROM PRIOR MORTGAGEE.—An oral contract by the prior mortgagee to extend the time for redemption from him by the debtor is valid, and would bind the prior mortgagee, regardless of the source of his title, if the debtor was thereby lulled into security, and should perform fully the conditions of the oral agreement on his part.

ID.—ACTION TO REDEEM FROM PRIOR MORTGAGEE—FAILURE TO PERFORM CONDITIONS—INSUFFICIENT COMPLAINT.—In an action by the debtor to enforce a redemption from the prior mortgagee under an oral agreement, where the complaint shows an agreement between the debtor and the mortgagee that the debtor was to pay the sum of $50 monthly to the mortgagee, and on that condition was to be allowed time to pay the full amount of the principal in two or three years, and alleges no payment or tender of any money whatever for the period of twenty-two months, when a tender was made which was refused, and alleges no excuse for the failure to make payments as agreed, the complaint is insufficient to state a cause of action, and a demurrer thereto was properly sustained.

ID.—CONSTRUCTION OF COMPLAINT AS TO EXCUSE.—The construction of the complaint must be taken most strongly against the pleader as to matters of excuse not alleged.

ID.—PART POSSESSION BY DEFENDANT—PAYMENTS NOT EXCUSED.—The fact that the defendant took part possession of the premises after the plaintiff had been in default in the agreed payments would not have the effect to excuse the performance by the plaintiff of the terms of the contract.

ID.—ENFORCEMENT OF VIOLATED AGREEMENT NOT PERMISSIBLE.—Though the decision of the courts have been liberal in enforcing oral contracts for redemption, yet a redemptioner may not violate the agreement under which he claims, and still have a decree giving effect to the violated agreement.

ID.—EQUITABLE PAYMENT BY DEFENDANT OUT OF ENHANCED VALUE—PRIOR RIGHTS NOT AFFECTED.—The fact that the defendant, in consideration of the enhanced value of the property, long after plaintiff's default, paid to plaintiff the sum of $1,000, its receipt by plaintiff would indicate plaintiff's acquiescence in the equitable offer; but such payment and acceptance could not have the effect to change or alter the rights of the parties, which had theretofore attached under the breach of the oral contract on the part of the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Noleman & Smyser, and F. C. Austin, for Appellant.

When the successor in interest of the judgment debtor makes a redemption, the sale is terminated. (*Calkins* v. *Steinbach*, 66 Cal. 121, 4 Pac. 1103; *Phillips* v. *Hagart*, 113 Cal. 552, 54 Am. St. Rep. 369, 45 Pac. 843.)

Lynn Helm, and E. S. Williams, for Respondent.

The complaint shows no cause of action. The redemption by the junior mortgagee operated as a transfer of the rights of the prior mortgagee to the junior mortgagee. (*Bagley* v. *Ward*, 37 Cal. 121, 99 Am. Dec. 256; *Abadie* v. *Lobero*, 36 Cal. 390; *White* v. *Costigan*, 134 Cal. 33, 66 Pac. 78.) The redemptioner could, by an assignment of the certificate of sale on redemption to the defendant, entitle her to a redemptioner's deed, as successor in interest of the redemptioner. (*Eldridge* v. *Wright*, 55 Cal. 531.) The junior mortgagee was not bound to foreclose his mortgage in the first suit by the prior mortgagee, but could bring the subsequent action to foreclose. (*Camp* v. *Land*, 122 Cal. 167, 54 Pac. 839; *Savings Bank* v. *Central Market Co.*, 122 Cal. 28, 36, 54 Pac. 273.) The plaintiff lost all right to redemption under the oral agreement by his long-continued breach of the conditions, without the showing of any excuse or tender of money. (*Gillespie* v. *Stone*, 70 Mo. 505; *Englander* v. *Rogers*, 41 Cal. 420; *Heine* v. *Treadwell*, 72 Cal. 217, 13 Pac. 503.)

ALLEN, P. J.—Appeal by plaintiff from a judgment of the superior court of Los Angeles county in favor of defendant rendered upon a hearing sustaining the demurrer to the second amended complaint without leave to amend.

It appears from the second amended complaint that on August 1, 1902, defendant Hershey obtained a decree foreclosing a first mortgage executed by plaintiff on certain real estate, in which proceeding one Wills, the holder of a junior mortgage, was made a party, but to whom no affirmative relief was granted by the decree; that under this decree, on September 24, 1902, the premises were sold to Hershey for the full amount found due, together with accrued interest and costs; that the certificate of sale issued to Hershey was defective in that the premises sold were incorrectly described; that in such form the certificate was recorded in the recorder's office of Los Angeles county, but not indexed; that subsequently the certificate was corrected, but the record thereof was not altered; that afterward, in December, 1902, Wills, the holder of the junior mortgage, brought an independent action against plaintiff in foreclosure, and such proceedings were had that on February 12, 1903, the premises were sold

under the Wills decree and a certificate in due form issued to
her; that thereafter, on March 3, 1903, Wills redeemed the
premises from the previous sale to Hershey by paying to the
sheriff the full amount due Hershey; that in such redemp-
tion the said Wills presented with the other instruments re-
quired by law the certificate so issued to Hershey as altered
and corrected; that a certificate of redemption in due form
was issued by the sheriff to Wills, but not filed for record
or recorded; that defendant Hershey, on August 24, 1903,
acquired by purchase from Wills the certificate so issued to
her; that thereafter, on September 20, 1903, four days before
the time for redemption had expired under the sale to
Hershey, plaintiff entered into an oral agreement with Her-
shey, whereby it was agreed that plaintiff was to pay to
Hershey $50 per month, or a sum equal to interest upon all
sums due Hershey under the sale, such payments to be made
monthly, commencing January 1, 1904, in consideration of
the prompt payment of which Hershey agreed that plaintiff
might retain possession of the premises, and the right of
redemption and the right to pay the full amount of the de-
cree was to be extended two or three years; that if said
monthly payments were promptly made plaintiff could pay to
Hershey the full amount of all indebtedness, and that all
liens, decrees and obligations in favor of Hershey and against
said real estate would thereby be canceled and discharged;
that plaintiff, relying upon said agreement, made no effort to
redeem within such intervening four days; that afterward,
in December, 1903, defendant Hershey notified plaintiff to
vacate the premises, and on or about January 1, 1904, took
possession of a part thereof, but plaintiff has retained pos-
session of the remainder; that on December 30, 1903, Hershey
took out a sheriff's deed; that on November 2, 1905, plaintiff
offered to pay Hershey the full amount of all claims due her,
which she refused to accept; but thereafter, in 1906, paid
into a bank for plaintiff's use a thousand dollars, upon a
written statement that she was willing that plaintiff should
share in the advance in the value of the property.

There is nothing in the point that the record of the original
defective certificate was not altered, or that a correct certifi-
cate was not recorded. The statute does not require that
the certificate issued by the sheriff shall be recorded, but sim-
ply that it be filed. (Code Civ. Proc., sec. 700.) No reason

is suggested why the clerical error of the sheriff in the issuance of the certificate might not be corrected and a correct certificate refiled. The complaint does not negative the refiling of a corrected certificate. Wills being a junior mortgagee, and having asked and received no affirmative relief in the original action, was at liberty before the time of redemption expired to institute her original action in foreclosure and obtain an appropriate decree and a sale thereunder. Having exercised this right and having received a certificate of sale regularly issued to her on account thereof, as the holder and owner of such certificate, she became a successor in interest of plaintiff and entitled to redeem. (*Pollard* v. *Harlow,* 138 Cal. 392, [71 Pac. 454].) ˙ When she, as such holder of the certificate, so exercised this right of redemption from the Hershey sale, she became subrogated to all of Hershey's rights to the same effect as though Hershey had assigned to her the certificate of sale. (*White* v. *Costigan,* 134 Cal. 38, [66 Pac. 78].) When Hershey took an assignment of the Wills certificate she acquired all rights held by Wills thereunder, including the subrogated rights. Had a stranger purchased this certificate from Wills, no one would question the extent of the interest acquired by an assignment of the Wills certificate. No reason suggests itself why Hershey, by a purchase of such certificate, could not and did not acquire the same rights guaranteed to any other purchaser.

The contention that the redemption by Wills extinguished the sale theretofore made to Hershey cannot be maintained. The effect of a redemption by a successor in interest, holding the legal and equitable title, is a restoration to the original estate (Code Civ. Proc., sec. 703), but this does not apply to one holding but the equitable title under a certificate issued upon a second sale. In such cases the holder of the junior certificate redeems from the previous sale in his own interest and adverse to the debtor and holder of the legal title, and it is not a redemption in the interest of the judgment debtor or for the judgment debtor, and the effect of which is not to restore the estate to the judgment debtor, nor to extinguish the original sale from which the redemption is had. There being no extinguishment of the Hershey sale, it follows that at the expiration of twelve months from the date thereof, as against the judgment debtor, the complete legal and equitable title vested in Hershey as the owner and holder of the Wills

certificate with its subrogated rights, unless her oral agreement was such as to estop her to claim the same. The oral contract to extend the time for redemption was valid, needed no consideration in its support, if the debtor was lulled into a false security and thereby permitted the time for redemption to expire. (*Schroeder* v. *Young*, 161 U. S. 342, [16 Sup. Ct. Rep. 512].) This oral agreement conferred the right and privilege of redemption beyond the statutory period upon a condition precedent, namely: that the judgment debtor should pay the interest on all sums due Hershey, in any event to the extent of $50 per month. Plaintiff does not claim to have paid or tendered payment thereof. The nearest approach to an allegation in reference thereto is a statement that on January 1, 1904, she was prepared to make the first payment. This fact does not seem to have been communicated to defendant, nor any tender or offer to pay made in connection therewith. During the ensuing twenty-two months intervening between January 1, 1904, and November 2, 1905, there was no offer or tender to pay any of these monthly payments, between which dates a great increase in the value of the property ensued. Nor is there any allegation in the complaint of any fact which would excuse performance upon plaintiff's part. The receipt of a sheriff's deed cannot be construed as a notification upon defendant's part that she would not carry out her agreement. There was nothing in the agreement which prohibited her from taking out the deed at any time after the time of redemption had expired. No new title was conveyed by the deed. It is evidentiary purely in its character, and whatever of title was acquired by Hershey was the result of failure to redeem within the statutory or agreed period, and not because of the issuance of the deed.

Construing the pleading most strongly against the pleader, as is our duty, she retained possession of all the premises until after January 1, 1904, after which date she was in default under her agreement in the payment of interest, and being thus in default the taking of possession by defendant of a portion thereof would not have the effect to excuse performance on plaintiff's part of her contract. While the tenor of all decisions, wherein has been involved the right of redemption after the statutory period based upon an agreement, has been extremely liberal in protecting the redemptioner's rights, yet in no case called to our attention has it

been held that a redemptioner may violate the agreement under which he claims and still have a decree giving effect to the violated agreement. He who seeks to enforce a contract must show that he has complied with the agreements and conditions of the contract on his part to be performed. (Civ. Code, sec. 1439; *Cameron* v. *Burnham,* 146 Cal. 584, [80 Pac. 929].) This proceeding being one in equity to enforce a right under an agreement violated by the plaintiff, we do not think that she is entitled to any relief under the allegations of the complaint.

We attach no importance to the fact that in July, 1906, long after the plaintiff's default, the defendant paid to plaintiff a thousand dollars, upon the statement that the property "was growing more valuable and in time I shall doubtless dispose of it, and I am willing that you should share in advance in what it may produce." The only proper construction to be given to such statement is to the effect that this thousand dollars represented the amount which the defendant was willing that the other party might share in the transaction, and its receipt and retention by the plaintiff, under the circumstances, would indicate plaintiff's acquiescence in the equitable character of defendant's offer. In no event, however, could it have any effect to change or alter the rights of the parties theretofore attaching.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 14, 1908.