SCHULTZ, Appellant, v. CITIZENS' INVESTMENT CO., Respondent.

(227 N. W. 883.)

(File No. 6718. Opinion filed December 10, 1929.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.
*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

MISER, C. This is an action to quiet title to real estate. In 1924, plaintiff, appellant herein, was the owner of the land. It was subject to a first mortgage of $8,000 to the Connecticut General Life Insurance Company, and to a second mortgage which had been assigned to respondent. Upon default, the second mortgage was foreclosed and the property bought in by respondent on foreclosure sale. Thereafter respondent became the owner of the first mortgage by assignment. On October 10, 1925, the day prior to the expiration of the year of redemption of the second mortgage, respondent, being then the holder of the certificate of sale issued on the foreclosure of the second mortgage, and being also the assignee of the first mortgage, entered into an agreement in writing with appellant looking to the payment of the first mortgage and a reconveyance of the land purchased at the foreclosure of the second mortgage. Under this agreement, appellant paid to respondent on that day $3,000. This sum was to be and was applied toward the payment of the first mortgage. The agreement further recited:

"If payment in full of the above described mortgage and the amount due upon the Sheriff's Certificate of Sale on the above described mortgage is made to Citizens' Investment Co., on or prior to November 1st, 1926, then the Citizens' Investment Co., will release its mortgage and cause the premises to be re-conveyed to Fred C. Schultz and Mathilda A. Schultz (his wife) or cause proper redemption thereof to be made.

"It is understood that nothing herein contained shall affect in any manner the foreclosure of the mortgage leading up to the above described Sheriff's Certificate of Sale or the right to take Sheriff's Deed thereunder."

Appellant contends that, by extending the time to redeem, respondent abandoned the rights acquired as purchaser of the mortgaged property, and would have to reforeclose its mortgage. Appellant relies on Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854. The rule of this case, as stated in the note thereto at page 858 of Ann. Cas. 1913A, is:

"Where a mortgagee enters into a valid agreement with the mortgagor prior to the expiration of the statutory period of redemption, which in effect extends the right of payment of the mortgage debt beyond the redemption period, he waives and abandons rights acquired as a purchaser of the mortgaged property on foreclosure of the mortgage, and in legal effect continues the relation of mortgagor and mortgagee between himself and his debtor."

This is substantially the language of the text of 19 R. C. L. 651. Oertel v. Pierce, supra, and McNeil v. Call, 19 N. H. 403, 51 Am. Dec. 188, are cited as supporting the text. See, also, 42 C. J. 392, 393, for a statement of the rule based on Oertel v. Pierce.

Whether or not the rule of Oertel v. Pierce, supra, is in harmony with the statutes of this state and the decisions of this court is not necessary to decide, for two reasons: First, the facts of that case differ materially from the facts of the case at bar; second, in the case at bar it was agreed in writing "that nothing herein contained shall affect in any manner the foreclosure of the mortgage leading up to the above described sheriff's certificate of sale or the right to take sheriff's deed thereunder."

It was further agreed in writing therein that respondent would not take a sheriff's deed on its certificate of sale until November 1, 1926, within which time appellant and her husband might pay "the full amount due upon the above described certificate of sale as shown by the foreclosure record thereof, *which said certificate of sale and the foreclosure thereof are hereby confirmed, ratified and declared valid."*

In Bristol v. Hershey, 7 Cal. App. 738, 95 P. 1040, 1042, the California court said:

"While the tenor of all decisions, wherein has been involved the right of redemption after the statutory period based upon an agreement, has been extremely liberal in protecting the redemptioner's rights, yet in no case called to our attention has it been held that a redemptioner may violate the agreement under which he claims and still have a decree giving effect to the violated agreement. He who seeks to enforce a contract must show that he has complied with the agreements and conditions of the contract on his part to be performed. Section 1439, Civ. Code."

Section 1439, Cal. Civ. Code, is identical with section 732, Rev. Code 1919.

Therefore, because appellant is bound by the terms of her written contract which she failed to perform, the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.