L. R. BAIRD, as Receiver of the Maxbass Security Bank, a Corporation, of Maxbass, North Dakota, Respondent, v. MARY G. LILLIE, et al.

GEORGE L. LILLIE, Appellant.

(234 N. W. 66.)

Opinion filed January 5, 1931.

*H. S. Blood,* for appellant.
*D. J. O'Connell,* for respondent.

BURR, J. The place involved is situated in Bottineau county. Since prior to September 2, 1916, it has been owned by Mary G. Lillie. By the second of September, 1916, two mortgages thereon, known as the Moreland mortgages, were duly recorded. In November, 1917, Inman, Holman & Co., a corporation, had a judgment against Mary G. Lillie and her husband docketed in the district court. In March, 1921, Mary G. Lillie and her husband, Park Lillie, mortgaged the place to the Maxbass Security Bank.

The premises were sold at execution sale upon the Inman, Holman Co. judgment. A certificate of sale was issued on January 8, 1927, and on December 16, 1927, assigned to the defendant George L. Lillie.

On the 11th day of April, 1927, judgment of foreclosure on the Moreland mortgages was entered, and in May, 1927, the land was sold to satisfy the judgment, the receiver purchasing at the sale. In February, 1928, the defendant, George Lillie, claiming to be the owner of the premises, commenced an action against the receiver, Mary G. Lillie, Alice Moreland, the sheriff of Bottineau county, and others, asking for an injunction restraining the sheriff from issuing a deed to the receiver under the foreclosure of the Moreland mortgages. In December, 1927, a sheriff's deed was issued to George Lillie upon the certificate of execution sale, and thereafter settlement was made with the receiver whereby the defendant George Lillie paid to the sheriff

on the Moreland foreclosure the amount agreed upon by the receiver as being the amount due, a certificate of redemption was issued, and the sheriff on December 4, 1928, issued Lillie a deed to said premises, based on said foreclosure. Thus George Lillie had two sheriff deeds to the premises.

The bank became insolvent and the receiver now seeks to foreclose the mortgage given to the bank. The defendant George Lillie interposes three defenses: First, that by the foreclosure of the Moreland mortgages this mortgage sought to be foreclosed is extinguished; second, that because of the sheriff's deed issued on the execution sale in the matter of the judgment this mortgage sought to be foreclosed is extinguished; third, that the note and mortgage in issue were made and executed by Mary G. Lillie for the accommodation of the bank, without any consideration whatsoever, and after a written agreement with the bank that the said mortgage would not be foreclosed.

The trial court found in favor of the plaintiff and the defendant George Lillie appeals, asking a trial de novo.

Appellant says this mortgage sought to be foreclosed was extinguished by the foreclosure of the Moreland mortgage. The receiver says the appellant attempted to redeem and did redeem from the Moreland foreclosure, because he was the assignee of certificate of sale on execution sale and afterwards obtained a sheriff's deed on the sale of the property under the judgment; that when he redeemed from the Moreland foreclosure he was the owner of the property, paid the debt against his own land and therefore the mortgage foreclosure was cancelled. The receiver, when he defends against the claim of Lillie in the instant case, says rather inconsistently, that such execution sale was void because the judgment was not a lien upon the land—the claim being that at the time the judgment was docketed and continuously from that time until after this mortgage to the bank was given, the premises involved were the homestead of Mary G. Lillie and her husband.

Ordinarily "a creditor having a lien by judgment . . . subsequent to that on which the property was sold" is a redemptioner. Section 8085. To take the place of the mortgagor he must be the "successor in interest in the whole or any part of the property."

"In general, when any person having a subsequent interest in the

premises, and who is therefore entitled to redeem, for the purpose of protecting such interest, and who is not the principal debtor primarily, and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien which may be necessary in equity for his own benefit; he is subrogated to the rights of the mortgagee to the extent necessary for his own equitable protection." 3 Pom. Eq. Jur. 4th ed. § 1212.

In Bank of United States v. Peter, 13 Pet. 123, 10 L. ed. 89, the court said:

"It is a well-settled principle in equity that a judgment creditor, where he is compelled to pay off prior encumbrances on land to obtain the benefit of his judgment, may, by assignment secure to himself the rights of the encumbrances; he stands as the assignee of such mortgages, and may claim all the benefits under the lien that could have been claimed by his assignor. But the effects of this principle may be controlled by acts of the parties."

See also Illinois Nat. Bank v. Trustees of Schools, 211 Ill. 500, 71 N. E. 1070.

In Tolman v. Smith, 85 Cal. 280, 24 Pac. 743, 746, it is said:

"If the owner of the equity of redemption acquires the mortgage, a court of equity will, when the purposes of justice require it, treat the mortgage as still subsisting."

Of course it will not extend the time of redemption from this owner. It is true there was no formal assignment in this case, but a formal assignment is not necessary as hereafter shown.

"Subrogation is a pure equity, and will be enforced with due regard to legal as well as equitable rights of others, and will never be used as an instrument of injustice to defeat a superior equity or overthrow a legal title." O'Brien v. Perkins (Tex. Civ. App.) 276 S. W. 308.

In Ellsworth v. Lockwood, 42 N. Y. 89, 96, it is said:

". . . Judgment creditor has a right to protect his lien or interest, by paying a prior mortgage due and payable, and if he does pay it, he succeeds by subrogation, on settled principles of equity, to the rights and interests of such prior mortgagee in the lands, as security for the amount so paid, without any assignment or act of transfer, by or on the part of the prior mortgagee."

See also Swain v. Stockton Sav. & L. Soc. 78 Cal. 600, 21 Pac. 365; Stoeckle v. Rosenheim, 10 Del. Ch. 195, 87 Atl. 1006. There is a distinction between one who is a principal debtor and one who obtains title to protect his own interest. There is no claim that Lillie obligated himself to pay the debt for which the Moreland mortgage was foreclosed. In the case at bar the junior certificate holder "redeems from the previous sale in his own interest and adverse to the debtor and holder of the legal title, and it is not a redemption in the interest of the judgment debtor or for the judgment debtor, and the effect of which is not to restore the estate to the judgment debtor, nor to extinguish the original sale from which the redemption is had."

See Bristol v. Herschey, 7 Cal. App. 738, 95 Pac. 1040, 1041; Sutherland v. Long, 273 Ill. 309, 112 N. E. 660.

In this case the receiver wants to avail himself of full payment made by Lillie under the Moreland mortgage, without rendering anything in return. He knew Lillie claimed to be junior lien holder and has treated the matter as such. He allowed Lillie to pay off the Moreland mortgage to protect his own interests and now seeks to obtain the property without paying the liens which were ahead of him. Equity and good conscience requires that he should do equity by paying or at least offering to pay to the extent of the benefit received. As set forth by Pomeroy in his work on Equity Jurisprudence, 4th ed. § 385:

"The court will not confer its equitable relief upon the party seeking its interposition and aid, unless he has acknowledged and conceded, or will admit and provide for, all the equitable rights, claims, and demands justly belonging to the adversary party, and growing out of or necessarily involved in the subject matter of the controversy."

In his reply to the answer of George Lillie, wherein Lillie set up his deed under the Moreland foreclosures, and his deed under the execution sale the receiver does not claim that the payment made by Lillie to him in the Moreland foreclosure was a cancellation of the mortgage and restoration of the estate, nor does he in any way attack the deed received on the Moreland foreclosure on the theory that Lillie was obligated to pay a debt against his own land. He attacked the deed issued on the execution sale on the ground that the judgment was not a lien on the land and therefore the deed is a nullity; but no attack

is made upon the deed issued on the Moreland foreclosure, except that Lillie has no right to redeem.

In this case the contest is between the holder of the third lien and the purchaser at execution sale. The receiver was holder of the certificate of sale under the Moreland foreclosure. With reference to that foreclosure it is immaterial whether or not the judgment was a lien upon the land. It is not claimed that appellant had a deed from Mary Lillie. George Lillie was the holder of the certificate of sale. Even if the judgment was not a lien on the land, and the execution sale therefore void, Lillie was recognized by the plaintiff in this case as a redemptioner, and the receiver accepted from him the amount due on the sale. The receiver has made no offer to return this amount and therefore he must be considered as having assigned all of his interest in the foreclosure sale the same as if he had formally executed an assignment of the certificate of sale. Equitably, therefore, Lillie, under such circumstances, was the assignee, entitled to a sheriff's deed upon the expiration of the year of redemption, and he got the deed. On the other hand if the judgment were a lien upon the land its relationship to the bank's mortgage must be considered. If the premises were not a homestead the judgment was a lien superior to the bank's mortgage. If the premises were a homestead at all times until after the giving of the mortgage to the bank the judgment was yet a lien, but inferior to the bank's mortgage on the theory that the judgment attached as a lien when the premises ceased to be a homestead. We need not determine the relative positions of the judgment and the bank's mortgage. The Moreland mortgage was not foreclosed until after the premises ceased to be a homestead, and therefore, whichever view we take of the judgment, it was then a lien on the premises and inferior to the Moreland mortgage. If superior to the bank's mortgage then Lillie was a junior judgment creditor with no intervening rights between him and those who held the interest under the Moreland foreclosure. It is true in the instant case that by the time Lillie paid his money to the receiver he had obtained a deed under the execution sale; but this deed was obtained adverse to the debtor for the purpose of protecting his own interest. At the expiration of the period of redemption he was entitled to a deed and the formal execution and delivery of the deed did not change his status nor the purpose for which

he was attempting to redeem from one attempting to protect his own interest to one who was attempting to restore the property to the debtor. In such case it is held that a "judgment creditor, on redeeming from a prior mortgage, . . . after foreclosure thereof, is usually held, where there are not intervening rights, to be entitled to subrogation to the rights of the prior mortgagee, at least so far as necessary for the protection of his own interests . . .; the rule allowing subrogation is so well established that it has been held that to have the effect of payment the redemption must be made in such unmistakable terms that there can be no doubt of the intent to extinguish and discharge the mortgage." 42 C. J. 450. There is nothing in the record showing "such unmistakable terms that there can be no doubt of the intent to extinguish, and discharge the mortgage." The fact is Lillie must have considered the foreclosure proceedings as still in existence for after the expiration of the period of redemption he secured a sheriff's deed upon such foreclosure.

But even if the judgment were inferior to the bank's mortgage, yet Lillie was a redemptioner. The bank did not redeem from him. Not having done so Lillie was entitled to a deed. Whichever view we take the Moreland foreclosure was completed. Thus the mortgage the receiver seeks to foreclose was extinguished. This conclusion renders unnecessary any examination of the validity of the deed issued under the execution sale or of the claim made that the note and mortgage sought to be foreclosed were given without consideration.

The judgment of the lower court is reversed and judgment ordered for appellant Lillie in accordance with this opinion.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL, and BURKE, JJ., concur.