[No. 12716.    In Bank. — April 19, 1889.]

## CORNELIUS SWAIN, RESPONDENT, v. STOCKTON SAVINGS AND LOAN SOCIETY, APPELLANT.

SUBROGATION.—EXECUTION PURCHASER DURING TIME OF REDEMPTION HAS LIEN — RIGHT TO SUBROGATION TO SUPERIOR LIEN UNDER TRUST DEED. — A purchaser of land at an execution sale, before the time of redemption has passed, and before the sheriff's deed has issued, has a lien upon the land, and under section 2904 of the Civil Code, when necessary for the protection of his interest, is entitled to be subrogated to a superior lien held under a prior deed of trust in the nature of a mortgage, which had been executed by the judgment debtor on the same land.

ID. — NECESSITY OF SUBROGATION. — A subrogation to the superior lien held under the trust deed is necessary to the protection of the interests of the execution purchaser, when it appears that the judgment debtor is insolvent, and has other judgment creditors whose liens are inferior to the plaintiff's.

ID. — ACTION FOR SUBROGATION — CESTUI QUE TRUST ONLY NECESSARY PARTY DEFENDANT. — In an action by the execution purchaser to be subrogated to such superior lien, the *cestui que trust* under the trust deed is the only necessary party defendant.

ID. — JUDGMENT FOR SUBROGATION — FINDING. — In such an action, a finding that the defendant was willing to accept the payment of the money claimed by it as due under the deed of trust, and procure the trustees to reconvey the land to the mortgagors, but still refused to subrogate the plaintiff, is consistent with and supports a judgment for subrogation.

APPEAL from a judgment of the Superior Court of San Joaquin County.

In December, 1884, Thomas Cornwall and wife were indebted to the Stockton Savings and Loan Society in the sum of nineteen thousand seven hundred dollars. This indebtedness was evidenced by their promissory note payable to the defendant, and to secure the payment of said note and interest, and any advances of money that the defendants might make to them, they granted, bargained, sold, and conveyed to L. U. Shippee and F. M. West, in trust, a certain tract of land described in the complaint in this action. The parties to this deed are Cornwall and wife of the first part, L. U. Shippee and F. M. West of the second part, and the Stockton Savings and Loan Society of the third part. This deed was properly executed and recorded. Thereafter, in the month of September, 1885, one H. M. Fanning recovered judgment in the superior court of the county of San Joaquin against the said Thomas Cornwall and wife and others, which was duly docketed by the clerk of said court. On the fifteenth day of October, 1886, execution issued upon said judgment, and under and by virtue thereof the sheriff levied upon, and on the fifteenth day of November, 1886, sold to the plaintiff in this action, all the real estate of Cornwall and wife, being

the same land conveyed by them in trust to L. U. Shippee and F. M. West. The plaintiff, at the time he became the purchaser of said real estate, received from the sheriff the usual certificate of sale. On the day of the sale and purchase, there was due and unpaid from Cornwall and wife to the defendant, on their promissory note and deed of trust, some twenty-four thousand dollars. Upon receipt of certificate of sale, the plaintiff tendered to the Stockton Savings and Loan Society the amount due from Cornwall and wife, and demanded of the defendant that he "be subrogated to all the benefits of the defendant, of its said lien under said deed of trust." The defendant refused to comply with this demand, but offered to receive the money, and carry out and perform, on its part, all the covenants and conditions of the deed of trust, and that the trustees named in said deed, upon the receipt of the money, would reconvey the real estate therein described to the said Cornwalls. The plaintiff thereupon deposited the money, in the name of the defendant, with a bank of good repute, and gave a written notice thereof to the defendant, and on the twenty-fifth day of February, 1887, brought this action to be subrogated to all the benefits of the defendant, under the deed of trust, and compel the defendant to deliver the deed, and all evidence of indebtedness which it held against the Cornwalls under the deed. The case was tried by the court, and judgment passed for the plaintiff, subrogating him to all the rights and benefits of the defendant under the deed of trust, and commanding the defendant to deliver to the plaintiff the deed, and all evidence of indebtedness held against said Cornwalls secured thereby. The defendant appeals from the judgment on the judgment roll. Section 2904 of the Civil Code, under which the action was brought, provides that "one who has a lien inferior to another upon the same property has a right: 1. To redeem the property in the same manner as its owner might from the superior lien; and 2. "To be subrogated

to all the benefits of the superior lien, when necessary for the protection of his interest, upon satisfying the claim secured thereby." The further facts are stated in the opinion.

*W. L. Dudley*, for Appellant.

The plaintiff did not have a lien upon the land embraced within the trust deed, as the lien of the judgment under which he purchased ceased when the execution sale was made. (Code Civ. Proc., sec. 700; *Fish* v. *Fowlie*, 58 Cal. 373.) Each and all of the parties to the deed of trust should have been made parties. (*Logan* v. *Hale*, 42 Cal. 645.)

*J. H. Budd, Aug. Muenter*, and *W. B. Nutter*, for Respondent.

The plaintiff had a right to be subrogated. (Civ. Code, sec. 2904; Sheldon on Subrogation, secs. 3, 12, 13; *Johnson* v. *Zink*, 51 N. Y. 333; *Cole* v. *Malcolm*, 66 N. Y. 363; *Southworth* v. *Scofield*, 51 N. Y. 513; *McLean* v. *Thompson*, 18 Abb. Pr. 24; *Ellsworth* v. *Lockwood*, 42 N. Y. 89; *Twombly* v. *Cassidy*, 82 N. Y. 155; *Hamilton* v. *Dobbs*, 19 N. J. Eq. 227.)

Foote, C. — This action was brought under section 2904 of the Civil Code, to subrogate the plaintiff to certain superior lien rights of the defendant. The defendant demurred to the complaint, which was overruled. Upon answer filed a trial was had, and a judgment as prayed for passed for the plaintiff, from which the defendant appeals.

1. It is contended by the appellant that the complaint does not state facts sufficient to constitute a cause of action.

2. That there is a non-joinder of parties defendant.

3. That the findings do not support the judgment.

*a.* The first point made by the defendant as to the

insufficiency or the complaint rests upon the assumption that the plaintiff has *no lien* which would entitle him to subrogation under the section of the Civil Code, *supra.*

The argument is made that after a sale of real property under a judgment to the plaintiff, a judgment creditor, but before the deed is made by the sheriff, and before the time of redemption has passed, the judgment creditor who has purchased at the sale has no lien; that it ceased when the sale was made.

This is fallacious, and is in opposition to the plainly expressed views of the appellate court in *People* v. *Mayhew*, 26 Cal. 661, where it is said: "If the right or interest that the purchaser or redemptioner holds prior to the execution of the sheriff's deed is not a mere lien, and with the qualification only of a mere lien, we are unable to give it a legal designation. (See *Vaughn* v. *Ely*, 4 Barb. 159, and cases there cited.)"

*b.* It was necessary to the protection of the plaintiff's interests that he should redeem the property he had purchased at sheriff's sale from a superior lien, and hold the lien himself, which the defendant held as a *cestui que trust,* under a trust deed in the nature of a mortgage, which secured a debt from the Cornwalls, who were also the judgment debtors of the plaintiff and other junior judgment creditors.

The plaintiff had become a mere lien holder until the execution of the sheriff's deed should be had. The Cornwalls were insolvent, other junior judgment creditors had a right to redeem the property from the plaintiff, and he could not look to them to repay what he might pay to the defendant, unless he could make it evident that *he* had paid the superior lien debt of the former, and held the lien.

If the defendant, as it wished to do, was permitted (upon the plaintiff's paying to it its debt) to reconvey the property to the mortgagors, the Cornwalls, *non*

*constat* but what the junior judgment creditors, without further proof that the plaintiff had paid the debt to protect his lien, might claim that the mortgage debt was canceled, the property revested in the Cornwalls, and that the plaintiff did not hold the superior lien given by the trust deed in the nature of a mortgage.

To prevent any such embarrassment, it was to the plaintiff's interest to be subrogated to the defendant's rights, and have satisfactory proof thereof.

*c.* What the plaintiff sought in this action was that he might be placed in the same situation as the defendant in relation to the trustees under the trust deed, and to the judgment debtors who were the mortgagors in that instrument.

This could only affect the defendant. It did not in any way impinge upon the rights of the trustees or the mortgagors, who were also judgment debtors of the plaintiff.

So far as the mortgagors are concerned, it could not fix the amount of their indebtedness; they could have been heard to resist the payment of a greater sum than they owed, under the trust deed, when an attempt should be made to execute the trust.

The trustees could act under the terms of the deed in trust, as well for one beneficiary as another. It could make no possible difference to them whether the plaintiff or defendant was their *cestui que trust.*

In so far as the subrogation prayed for was concerned if granted, it could not alter the relations of the parties any more than if the plaintiff had by agreement purchased the debt of the defendant, and had it and the lien securing it transferred to himself.

*d.* The finding complained of (as to what the defendant was willing to do, that is, to accept the payment of the money it claimed as due, under the deed in trust, and procure the trustees to deed the property back to the mortgagors, yet still refusing to subrogate the plain-

tiff) is entirely consistent with and supports the judgment.

Perceiving no prejudicial error, we advise that the judgment be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.