[No. 4992.]
[No. 2539 C. A.]

The Northern Investment Company v. The Frey
Real Estate and Investment Company et al.

**Mortgages—Foreclosure—Redemption from Tax Sales—Subrogation.**

A purchaser at a mortgage foreclosure sale by redeeming the
land so purchased from tax sales and paying the taxes due
thereon becomes subrogated to the rights of the state and
acquires a superior lien on the land for the taxes paid, which
may be enforced against a judgment creditor of the mortgagor
who redeemed the land from the mortgage foreclosure sale.

*Appeal from the District Court of Weld County:
Hon. Christian A. Bennett, Judge.*

Mr. A. B. Seaman and Mr. H. S. Silverstein,
for appellant.

Mr. James W. McCreery and Mr. John T.
Jacobs, for appellees.

Mr. Justice Steele delivered the opinion of the
court.

The Frey Real Estate and Investment Company,
to secure an indebtedness to The National Bank of
Commerce, in Denver, executed its deed of trust
March 3d, 1897.   Default having been made, the public trustee of the county of Weld foreclosed the deed
of trust on September 24, 1898, and issued his certificate of purchase to The Northern Investment
Company.   During the month of May, 1899, the purchaser at the foreclosure sale paid certain taxes on
the land for the year 1897, and redeemed the land
from the tax sales for the years 1894, 1895 and 1896,
the total amount paid being $249.38.   On the 16th of
May, 1899, The Northern Investment Company filed
its complaint in the district court of Arapahoe county,
making the appellees here, defendants, and the cause

was transferred, on change of venue, to the county of
Weld. Among the defendants in the suit was a
judgment creditor of The Frey Real Estate and
Investment Company, and the suit was brought by
the plaintiff for the purpose of having the lands
bought by it at foreclosure sale subjected to the lien
of the taxes for the years 1894, 1895, 1896 and 1897.
A demurrer to the complaint was sustained, and the
plaintiff took an appeal to the court of appeals. We
have but one question to determine; that is, whether
a purchaser at a mortgage foreclosure sale is entitled
to be subrogated to the rights of the state when he
has redeemed the land purchased by him from tax
sales. It does not appear in the record whether the
land was redeemed by the judgment creditor or not.
It is stated by counsel that the judgment creditor
did redeem the land from the foreclosure sale, and
we shall assume that the case is here because the land
was so redeemed. The defendants insist that as the
deed of trust was in the ordinary form, that the bene-
ficiary should have paid the taxes before sale, and
that the property, having been sold before redemp-
tion, the persons who redeemed it are mere volunteers
and cannot recover the amount paid from the pur-
chaser at the foreclosure sale, nor are they entitled to
a lien upon the premises. But we are of opinion that
the plaintiff was entitled to be subrogated to the
rights of the state, and that the demurrer should
have been overruled. Sheldon, in his work on Sub-
rogation, defines subrogation as "that change by
which another person has been put in the place of a
creditor, and which makes the right of the creditor,
and any security that he holds, pass to the
person who, by his being subrogated to him, enters
into his right."—Sheldon on Subrogation, p. 9.

And it is said of subrogation that, "It is not
dependent upon contract, agreement or stipulation,

or upon privity or strict suretyship; but is a mode which equity adopts to compel the ultimate payment of a debt, by one who, in justice, equity and good conscience, ought to pay it.''—Harris's Law of Subrogation, p. 2.

As between two creditors of The Frey Investment Company, one holding the mortgage and the other a judgment, each, desiring to secure the debt, could have paid the taxes on the premises and have compelled payment from the other creditor. While the period of redemption was running, the purchaser at foreclosure sale had a lien merely upon the premises; that is, he had a lien that had ripened into a certificate of purchase; but the owner had six months, and creditors three months, thereafter, in which to redeem, so that he would have been divested of any title conveyed to him by the certificate of purchase by the issuance of a tax deed. It is shown by the complaint that the purchaser of the tax certificate for the taxes of 1894 would have been entitled to a deed at any time; so that, in order to protect his title to the property and his lien thereon, it became necessary for him to get rid of the outstanding tax certificates. He bought the property subject to the taxes, but he had a right to protect his security by paying off the superior lien evidenced by the tax certificate; and when the judgment creditor desired to redeem, as the statute does not give to the holder of certificates of redemption, other than a mortgagee or beneficiary, the right to add the amount of taxes to the debt, it follows that the purchaser at foreclosure sale is entitled to a lien, if at all, by virtue of the doctrine of subrogation. It is universally held that one who has a lien upon property may, in order to protect his security, pay off superior liens, and that he becomes, by such payment, subrogated to the rights of the creditor holding the superior lien. As this

purchaser had a lien upon the property for the period of nine months, which, at the expiration of that time, would ripen into a perfect title, if he so desired it, and as the holders of the tax certificates had a superior lien, such purchaser had the right to pay the amount necessary to redeem the land from tax sale, and in doing so should become subrogated to the rights of the state and municipal authorities.

In the case, *Pratt v. Pratt,* reported in 96 Ill. 184, it is held: "A holder of a lien upon land has a right to purchase a certificate of sale of the land for taxes, where the time of redemption has expired, paying a reasonable sum therefor, or to redeem from the tax sale if the time of redemption has not expired, and to have the money so paid refunded. The taxes being a paramount lien to all others, a lien holder who discharges the same is entitled to be subrogated to the rights of the state, and the amount paid to extinguish such paramount lien or incumbrance will constitute a first lien on the land."

In the case of *Swayne v. Stockton Savings and Loan Association,* 78 Cal. 600, it is held: "That a purchaser of land at an execution sale, before the time of redemption has passed, and before the sheriff's deed has issued, has a lien upon the land  *  *  * and when necessary for the protection of his interest, is entitled to be subrogated to a superior lien held under a prior deed of trust in the nature of a mortgage, which had been executed by the judgment debtor on the same land."

In Cooley on Taxation, p. 814, it is said: "As between the first mortgagee and the second, it is the duty of each to pay taxes; and if the second pays the taxes, he is entitled to reimbursement when his rights are cut off by foreclosure."

These authorities, it seems to us, sustain the contention of the appellant that he is entitled to be

subrogated to the rights of the state, and that the amount paid by him to redeem the land from tax sale should be and constitute a first lien upon the premises in controversy.

For the reasons given, the judgment is reversed.

*Reversed.*

The Chief Justice and Mr. Justice Campbell concur.