## HARDIN et al. v. KELLEY et al.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1906.)

No. 2,198.

1. EXECUTION—REDEMPTION FROM SALE—SOUTH DAKOTA STATUTE.

An attaching creditor whose claim has not been reduced to judgment has no right to redeem from an execution sale of real estate, under Comp. Laws Dak. 1887, § 5150, which gives such right to the judgment debtor or his successor in interest and to a creditor "having a lien by judgment or mortgage on the property sold."

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 837.]

2. SAME.

Comp. Laws Dak. 1887, § 4339, giving one who has a lien the right to redeem from a superior lien on the same property, does not give an attaching creditor whose claim has not been reduced to judgment the right to redeem from a purchaser of the attached property at an execution sale before the passing of the sheriff's deed, which under other statutory provisions is not issued until the expiration of a year after the sale; the interest of such purchaser not being a lien in a legal sense, but rather an inchoate ownership which may automatically ripen into a legal title without any further act on his part.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 837.]

3. FRAUDULENT CONVEYANCES—JUDGMENT—IMPEACHMENT BY OTHER CREDITORS.

Where a judgment is based upon an actual bona fide indebtedness, it cannot be impeached by another creditor of the defendant because such defendant waived service, entered appearance, and confessed the indebtedness, or otherwise facilitated the obtaining of the judgment, nor because of an agreement by the plaintiff to hold the property obtained by means of the judgment for a certain time for the benefit of others who would contribute to the payment of the debt and expenses of procuring the judgment.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 72, 73, 76, 79.]

Appeal from the Circuit Court of the United States for the District of South Dakota.

This case involves the validity of a judgment obtained by Kelley against the mining company and the right of Hardin, an attaching creditor, to redeem from an execution sale. In February, 1901, the property of the mining company was sold under an execution on a judgment obtained in a state court in Lawrence county, S. D., and the certificate of sale was thereafter assigned to Kelley who also discharged certain liens upon the property. In November of the same year, Hardin, in an action against the company, caused a writ of attachment to be levied upon the property, but he did not obtain judgment until after the period for the redemption of Kelley's certificate of sale had expired. In January, 1902, one Hanschka, the assignee of a judgment for a small amount originally obtained before a justice of the peace, redeemed from the sale of Febuary, 1901, by paying to the sheriff the amount of Kelley's claims. Later in the same month Kelley obtained another judgment against the company for $7,548.50, and he utilized it in February, 1902, in redeeming from Hanschka by paying the necessary sum to the sheriff. On the same day, Hardin, as attaching creditor, attempted in turn to redeem from Kelley. He deposited with the sheriff the amount which Kelley had paid to Hanschka, with interest, but he did not deposit the amount of Kelley's last judgment, claiming that it was inferior to his own lien, and also that it was fraudulent and void and that there was no indebtedness owing by the company to Kelley upon which a judgment could be rendered. The Circuit Court held that Hardin, as an attaching creditor, was not entitled to redeem from Kelley, and that Kelley's judgment was valid and was recovered upon an existing bona

fide indebtedness. The court, however, decreed that, while Kelley was entitled to a sheriff's deed, he should hold title as security for moneys advanced by him for the benefit of the company subject to a duty to reconvey to the company upon payment within six months of all sums due him. Kelley is not complaining of this decree. Hardin has appealed.

Chambers Kellar and Martin & Mason, for appellants.
William L. McLaughlin and Hiram T. Gilbert, for appellees.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

There are two separate provisions for redemption in the laws of South Dakota. In one it is provided that property sold subject to redemption may be redeemed by (1) the judgment debtor or his successor in interest, and (2) a creditor having a lien by judgment or mortgage on the property sold. Comp. Laws Dak. 1887, § 5150. When he attempted to redeem, Hardin was a mere attaching creditor who had not reduced his claim to judgment, and as such he had no right of redemption under the foregoing provision. The judgment afterwards obtained by him did not relate back so as to give him a right of redemption as of the day of his attachment. Whether he had the right to redeem or not depended upon his status at the time he asserted it. He was not the judgment debtor or its successor in interest, nor did he have a judgment lien or a mortgage.

The other statutory provision authorizes one who has a lien to redeem from a superior lien upon the same property (Comp. Laws Dak. 1887, § 4339), and Hardin's contention is that a purchaser at an execution sale before the passing of the sheriff's deed is a mere lien holder, and his interest in the land is a lien, and therefore an attaching creditor is given the right to redeem therefrom. It is true that the interest of a purchaser before redemption and before deed has in some cases been termed a lien by way of distinguishment from the legal title which still remains in the judgment debtor. But in its usual and ordinary signification a lien is a claim which one person has on the property of another as security for some debt or charge for the payment or satisfaction of which the property may be sold. When one purchases at an execution sale he takes a step looking to the acquisition of full title. He does not thereby become the creditor of any one, and no one is indebted to him for the money he pays to the officer making the sale. His interest should appropriately be termed an inchoate ownership which may automatically ripen into complete title without any further act on his part. Green v. Clark, 31 Cal. 592; Abadie v. Lobero, 36 Cal. 390, 397; Wright v. Douglass, 2 N. Y. 373, 376; Trust Co. v. Bailey, 3 Edw. Ch. (N. Y.) 416; Smith v. Colvin, 17 Barb. (N. Y.) 157; Small v. Small, 16 S. C. 64. Contra, Swain v. Loan Soc., 78 Cal. 600, 21 Pac. 365, 12 Am. St. Rep. 118. The Supreme Court of South Dakota has called it a "conditional equitable estate," also an "equitable title." Wood v. Conrad, 2 S. D. 405, 50 N. W. 903. In California, under a similar statute, it has been termed an "equitable estate"; the court saying that the use of the word "lien" in connection therewith is not exact. Page v. Rogers, 31 Cal. 294.

The right of an owner to pay off and discharge all liens upon his property exists independently of statute, yet it is a familiar rule that the right is cut off and destroyed by a sale under execution or decree of a court. It is then said to have been foreclosed. The right to redeem from a sale does not exist independently of statute (Parker v. Dacres, 130 U. S. 43, 9 Sup. Ct. 433, 32 L. Ed. 818), and this would seem to indicate that the interest of a purchaser is something different from a lien. We are of the opinion that, after real property has been sold on execution, an attaching creditor before judgment has no right under the South Dakota statute to redeem from the sale as from a superior lien. This conclusion is fortified by the fact that the Legislature of that state has made specific provision for redemption from sales and has expressly confined the right to a class of persons which does not include holders of attachment liens. We do not understand the case of MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281, to be in conflict with these views, excepting in the incidental observation that a certificate of sale constitutes a lien in the nature of an equitable estate.

So we turn to Kelley's judgment in virtue of which he redeemed from Hanschka. It is said by Hardin that this judgment is void, but as Hanschka accepted a redemption by Kelley and is not objecting, it may be an interesting question whether Hardin, who as we have seen is not in the position of a redemptioner, has any right to complain. If Kelley had not redeemed from Hanschka, the certificate of sale held by the latter would have ripened into a full and irredeemable title. If he chose to let those rights go to Kelley, even under the assertion of a void judgment, it is not clear that Hardin has any cause for complaint. He is not in point of law interested in the question whether the sheriff's deed belonged to Hanschka or to Kelley. MacGregor v. Pierce, supra.

But we do not rest our conclusion upon this ground. Omitting as unnecessary a rehearsal of the evidence concerning the indebtedness of the company to Kelley, it is sufficient to say that the report of the master and the conclusion of the court that the company was indebted to Kelley in the amount for which he obtained judgment are clearly sustained by the evidence. This being true, it was proper for the officers of the company to give Kelley a note and to aid him in quickly securing a judgment by waiver of service, entry of appearance, and confession. All objections to the judgment fail upon the establishment of the existence of the indebtedness. Nor is the judgment avoided because Kelley agreed to hold title if he secured it for the benefit of those who would contribute towards the cost of acquiring, protecting, and developing the property.

So far as Hardin was concerned Kelley was entitled to a sheriff's deed conveying him an absolute title. As the court decreed that he held the title as security, Hardin cannot complain of the amount found due Kelley, and that it included the latter's disbursements down to the date of the reference to the master. Hardin, as a stockholder, got something he was not entitled to, and he cannot be heard to say that he should have had more. Moreover, it would have been unjust to charge Kelley as a trustee, as was done, in substance, without providing

for full reimbursement for all payments whenever made. The contention regarding the nonproduction of certain evidence is partly disposed of by the above consideration and fully by the observation that it is immaterial so far as Hardin is concerned that the moneys advanced by Kelley came from another company of which he was treasurer rather than from his own private funds.

The decree of the Circuit Court is affirmed.