[Civ. No. 530.  Second Appellate District.—October 9, 1908.]

W. C. KEEGIN, Surviving Partner of Firm of HOLCOMB & KEEGIN, Respondent, v. THOMAS F. JOYCE, Appellant.

ACTION FOR REASONABLE VALUE OF SERVICES—PLEADING—STATUTE OF LIMITATIONS.—In an action to recover the reasonable value of services rendered in establishing the ownership of defendant's mining property before the Secretary of the Interior, where the complaint states a cause of action, and nothing appears upon its face to indicate that the claim is barred by the statute of limitations, a demurrer on that ground will not lie.

ID.—TERMS OF AGREEMENT FOR SERVICES—APPEAL UPON JUDGMENT-ROLL—CONCLUSIVENESS OF FINDINGS.—Upon an appeal taken by the defendant from a judgment in favor of the plaintiff upon the judgment-roll, it appearing that the complaint and findings support the judgment, the findings are conclusive as to the terms of agreement respecting the services set forth in the complaint, and the contrary terms of agreement relative thereto set up in the answer.

ID.—PLEA OF AGREEMENT FOR INTEREST IN MINING PROPERTY—FAILURE TO FIND UPON TENDER OF DEED.—The court having found against the averment in the answer that there was an agreement of the plaintiff to take an interest in the mining property, the ownership of which was sought to be established, the failure of the court to find upon an issue as to the tender of a deed by the defendant to the plaintiff of such interest therein was immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County.  George H. Hatton, Judge.

The facts are stated in the opinion of the court.

Bernard Potter, for Appellant.

J. W. McKinley, for Respondent.

ALLEN, P. J.—Appeal by defendant upon the judgment-roll. The complaint averred employment of plaintiff by defendant to prosecute an appeal before the Commissioner of the Land Office, and, if necessary, before the Secretary of the Interior, through which to establish defendant's ownership in certain mining property; that by the terms of such employment plaintiff was to accept, if unsuccessful, $250, but, if

finally successful, defendant would pay, in addition, the reasonable value of such services. It is alleged that by a final decision of the Secretary of the Interior, rendered upon a petition for review, defendant's ownership was established; that $2,000 was the reasonable value of such service, and the same remains unpaid. Defendant by his answer admits the employment and the rendition of the services, but claims that when the original decision of the Secretary of the Interior was rendered against defendant it was agreed that the original employment was at an end; that the proceedings upon review were inaugurated and prosecuted under a new agreement, by which plaintiff was to receive an interest in the mining property to the extent of the value of a reasonable fee.

The court found against defendant and appellant upon the issue as to this new agreement, and found the agreement to have been as plaintiff alleges. The objections to the complaint raised by defendant were untenable. A cause of action was stated, and nothing appeared upon the face of the pleading indicating the bar of the statute, and a demurrer upon that ground would not, therefore, lie. (*Kraner* v. *Halsey,* 82 Cal. 209, [22 Pac. 1137].) The court, in addition, found against appellant upon the issue raised by the plea of the statute. The judgment is supported by the findings. The findings, as a whole, are conclusive as to appellant's claim that $250 was to constitute the full consideration for the services, and under all of the findings the issue as to the tender of the deed was of no consequence and no special finding in relation thereto was required.

We find no error in the record, and the judgment is affirmed.

Shaw, J., and Taggart, J., concurred.