[Civ. No. 2321. Third Appellate District.—October 31, 1921.]

MABEL E. FERRY, Respondent, v. KATE B. FISK, Appellant.

[1] MORTGAGES — SALE OF PREMISES UNDER PRIOR DEED OF TRUST — TITLE OF PURCHASER—EXTINCTION OF LIEN—ACTION BY JUNIOR MORTGAGEE UPON NOTE.—Where property is sold under a deed of trust the purchaser at such sale, even though she be the mortgagee under a subsequent mortgage on such property, becomes the owner of the property freed from the lien of all subsequent encumbrances, and she may thereafter maintain an action on the promissory note which her mortgage on such property was given to secure without bringing an action to foreclose such mortgage.

[2] ID.—AGREEMENT OF JUNIOR MORTGAGEE TO PURCHASE—CONTINUING INTEREST OF MORTGAGOR—WANT OF CONSUMMATION—EVIDENCE—FINDING.—In this action on a promissory note, in which the defendant pleaded as a special defense that plaintiff, who had held a mortgage on certain property as security for said note, had agreed that she would become the purchaser of such property upon the sale under a prior deed of trust in order to protect her second lien on the property, and that defendant should continue to have an interest therein, there was sufficient evidence to sustain the view of the trial court that the alleged agreement was never consummated by the parties.

[3] ID.—VALUE OF LAND—IMMATERIAL FINDING.—In such action, the court having found that the parties did not enter into the agreement upon which defendant relied, a finding as to the value of the land was unimportant.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. T. McKisick for Appellant.

Wm. M. Sims for Respondent.

BURNETT, J.—Appellant does not question the accuracy of the following statement of the facts, which is substantially as made by respondent: The respondent is the owner and holder of the promissory note in the principal sum of $11,580, set forth in her complaint, it having been distributed to her on January 24, 1917, in the matter of her father's estate. At the time she became the owner thereof there was likewise distributed to her a mortgage securing said note and covering 77.6 acres of land situated in Yolo County. This mortgage lien was subject to a deed of trust executed by defendant to secure the payment to the People's Savings Bank of Sacramento of a promissory note in the principal sum of $10,000.

At the time this note and mortgage were distributed to the respondent the bank was demanding payment of its note and the trustees under said deed of trust had begun the publication of notice of sale of the real property. The trustees continued the sale several times, and on February 26, 1917, sold the property at public sale, and respondent purchased the same for the amount due the bank.

On October 25, 1918, respondent brought this action to recover the amount due upon her said promissory note less a credit given appellant thereon voluntarily, which credit was supposed to represent the difference between the amount paid by respondent for the land and the price which might be obtained for it from another purchaser within a reasonable time.

Appellant, as her main defense, set up in her answer to respondent's complaint that respondent should have brought an action to foreclose the mortgage securing said note, under section 726 of our Code of Civil Procedure. Another defense was also urged that plaintiff violated a contract entered into between her and defendant in reference to said sale, to which defense reference will be had hereafter.

[1] In support of her first contention appellant cites a long line of decisions from this state of which *Brown v. Willis,* 67 Cal. 235 [7 Pac. 682], may be taken as an example, in which it was held that a mortgagor cannot be compelled to pay any part of his mortgage debt until a

decree is entered for a sale of the premises mortgaged, and he then becomes liable only for such deficiency as shall appear on the sheriff's return. There can be no doubt that these cases were correctly decided, but the situation here is such that said section of the Code of Civil Procedure has no application. This follows from the fact that the mortgage lien had ceased to exist. The section itself obviously refers to the time when the *action* is brought. If there is no security then for the obligation necessarily there is nothing to foreclose and the action may be brought to enforce the claim as though it had never been secured. The rule in this respect is correctly stated by this court in the case of *J. I. Case T. M. Co.* v. *Copren Bros.*, 32 Cal. App. 195 [162 Pac. 647], as follows: "Many conditions may arise after a mortgage has been given rendering what was originally security for the debt valueless. In most cases, perhaps, it might be a correct statement of law to say that the word 'security,' as used in section 726, should be considered as used in the present tense, and that the section refers to a debt that, at the time the suit is brought, is secured by a mortgage. The adoption of the above as a general rule of construction would be subject to exceptions in individual cases. Thus, perhaps, if one having a debt secured by a mortgage should cancel it of record, without the consent of the mortgagor, it might be held he could not bring a personal action. On the other hand, if such mortgage were canceled with the consent or at the request of the mortgagor, without any intention of canceling the indebtedness, or if the property, being personal, were all destroyed by fire, without fault of the mortgagee—in such cases the holder of the indebtedness would not be at all prevented by section 726 from bringing and maintaining a personal action for the amount due. So in this case, the property having been sold by the plaintiff acting under the written authorization of the defendants and having ceased to be security for any part of the balance due, the notes were not secured by a mortgage at the time the suit was brought, and section 726 has no application to the situation."

There would seem to be no doubt that the mortgage lien was extinguished by the sale under the trust deed; in other words, that, as purchaser, the plaintiff became

the owner of the land free from any subsequent encumbrance. That this is ordinarily the effect of such sale is settled by the authorities. In *Metropolis etc. Sav. Bank* v. *Barnet,* 165 Cal. 449 [132 Pac. 833], a mechanic's lien was filed subsequent to the execution of a trust deed, and the property was sold under the power conferred by said deed. In regard to the sale the supreme court said: "This latter conveyance vested the absolute title in respondent and thereby effectually destroyed the lien of the mechanic's lien suit judgment." Reference may be had also to *City Lumber Co.* v. *Brown,* 46 Cal. App. 603 [189 Pac. 830], wherein the distinction between a trust deed and a mortgage is discussed and other authorities cited.

If the purchase had been made herein by an outsider for the amount due the bank it would not be disputed that the lien of respondent's mortgage would thereby be destroyed; but it is thought by appellant that the situation is different by reason of the fact that the holder of the inferior security was the purchaser. It is not contended that there is anything illegal or immoral in such purchase or that any element of fraud, deceit, or overreaching was involved in the sale herein, but it is claimed that by virtue of section 2904 of the Civil Code the lien is preserved in favor of the mortgagee. The section is: "One who has a lien inferior to another, upon the same property, has a right: 1. To redeem the property in the same manner as its owner might, from the superior lien; and, 2. To be subrogated to all the benefits of the superior lien, when necessary for the protection of his interests, upon satisfying the claim secured thereby." We think neither of these subdivisions applies to this case. The first cannot apply, because there is no right of redemption in case of sale under a trust deed. This is settled by the cases which we have cited. Neither does the case fall within the second subdivision, for the reason that having secured the absolute title to the property under a valid sale it was not *"necessary* for the protection of her interests" that she have the lien preserved; and besides, if it might be said that her purchase for the amount of the first claim *satisfied* the superior lien, there were no *benefits* left to said lien. The lien was satisfied and discharged by the sale and it could not be made the basis for any further claim against the

property or the former owner. As the superior lienholder could not claim any further benefits or advantage, manifestly there was no legal right to which plaintiff could be subrogated. Of course, plaintiff and defendant could have agreed that the former would purchase the property and hold it as security for the amount of the two debts, or if it appeared that it was the intention of plaintiff to preserve the lien of her mortgage, it might be that she could not thereafter assume a contrary attitude, but we have no such case. It is true that appellant claims that ''the evidence establishes beyond question, in fact it is nowhere questioned by either plaintiff or defendant, that with the money procured from San Francisco Commercial Company plaintiff became purchaser at the trustees' sale solely in order to protect the security of her second mortgage.'' Appellant does not point out any such evidence, and a reading of the record does not disclose it. In fact, the supposed agreement between the parties was in effect that plaintiff was to become the owner of the property by purchase at the sale and credit a certain amount on defendant's note and grant to the latter the exclusive privilege for the term of one year of selling the place and retaining whatever was received above a certain price. The correspondence between the parties is quite voluminous but there is no intimation therein that, in case of the purchase by respondent at the trustees' sale, the mortgage lien was to be preserved. In this connection we may say that as far as we can determine from the record, plaintiff treated defendant fairly and sought no undue advantage. The credit she allowed on the note seems to have been just under the circumstances and it does not appear to have been her fault that the controversy was not settled out of court.

The cases cited by appellant wherein the mortgage lien was continued, notwithstanding an apparent extinguishment, involved equitable considerations in favor of the *mortgagee* that in good conscience required the preservation of the security.

In *Carpentier* v. *Brenham,* 40 Cal. 221, two mortgages existed on the same property. The senior mortgage was foreclosed without making the junior mortgagee a party, and the mortgagee under the first mortgage became the purchaser of the premises. It was claimed by plaintiff that,

since the debt secured by the first mortgage was entirely satisfied, partly by the sale and partly by release, the effect of the transaction was "wholly to extinguish the lien of the first mortgage and to substitute the purchaser only to the rights of the mortgagor, leaving the junior mortgagee at liberty to assert and enforce the lien of his mortgage in the same manner as if the first mortgage had been absolutely released by the mortgagee, and the purchaser had acquired by a direct conveyance the legal title of the mortgagor." But after a learned discussion of the subject the court properly held that equity would keep the two estates—"or the legal title and the mortgagees' interest—although held by the same person, separate, whenever this is necessary for the full protection of such person's just rights," and that the facts demanded the application of this principle, the court saying: "The purchaser at such a sale became, as against the plaintiff, the equitable assignee of the claim of the first mortgagee, and held a lien on the premises to that extent."

In *Brooks* v. *Rice*, 56 Cal. 428, the mortgagee under the first mortgage was ignorant of the existence of a second mortgage and it was held that a conveyance to him by the mortgagor of the premises to satisfy the mortgage would not operate as a merger but the lien would be considered as still existing for the protection of the claim of the first mortgagee.

*Matzen* v. *Shaeffer*, 65 Cal. 81 [3 Pac. 92], also involved a case wherein the interest of the grantee of the mortgaged premises, which were conveyed to satisfy the mortgage, required that the lien of the mortgage which she paid off should be kept alive to protect her from a judgment against the mortgagor procured and entered after the execution of the mortgage and before the entry of the satisfaction of the mortgage debt.

In *Swain* v. *Stockton Sav. etc. Soc.*, 78 Cal. 600 [12 Am. St. Rep. 118, 21 Pac. 365], it was held that the purchaser of land at an execution sale, before the time of redemption has passed, and before the sheriff's deed has issued, has a lien upon the land, and under section 2904 of the Civil Code, when necessary for the protection of his interest, is entitled to be subrogated to a superior lien held under a prior deed of trust in the nature of a mortgage, which had been executed by the judgment debtor on the same land. In that

case the loan society was willing to accept the payment of the money claimed by it as due under the deed of trust and to procure the trustees to reconvey the land to the mortgagors, and the plaintiff tendered said amount and demanded that he "be subrogated to all the benefits of the defendant, of its said lien under said deed of trust." To this the supreme court properly held he was entitled to protect his interest against inferior liens.

In *Tolman* v. *Smith,* 85 Cal. 280 [24 Pac. 743], the same principle is involved and the court held that the effect of a conditional payment of one mortgage by another is to suspend the remedy on the old mortgage until the maturity of the new one, and until such maturity the old mortgage cannot be foreclosed, but if the debt be not paid at maturity the old mortgage revives and has priority over an intervening mortgage to a third person.

In *Shaffer* v. *McCloskey,* 101 Cal. 576 [36 Pac. 196] two tenants in common executed a mortgage to secure the purchase price of the land, and one of them being unable to pay his share conveyed his interest to his cotenant in consideration that the latter would pay the full amount remaining due on the mortgage. This was paid and the mortgage satisfied without knowledge on the part of the person making the payment that his grantor had previously made a deed of trust of his half of the land, and it was justly held that the person paying the mortgage debt could maintain an action to revive the mortgage and be subrogated to the rights of the assignee of the mortgage as against the holder of the deed of trust.

In *Randall* v. *Duff,* 107 Cal. 33 [40 Pac. 20], it was held that the purchaser under an ineffectual foreclosure of mortgages who, by purchasing, had paid off the mortgage was entitled in equity to be subrogated to the rights of the mortgagees and to receive all that was equitably due on the mortgage, but that he would not be permitted to make a speculation out of it, a resort to the securities being allowed only so far as necessary to protect the purchaser.

It seems apparent to us that these cases and others along the same line are essentially different from the case before us and we deem it unnecessary to go further with the consideration of this point.

[2] We have already referred to the other defense set up in the answer and cross-complaint. There is evidence

in the record to sustain the view of the trial court that the alleged agreement was never consummated by the parties. An offer was made by respondent to appellant for the protection of the interests of both, to enter into an agreement quite similar to that set forth in the answer, but modifications were suggested by the latter, and from the correspondence in relation to the matter, which is set forth in the brief of respondent, it is a rational conclusion that the minds of the parties never met. It cannot be said that the finding as to that issue is unsupported.

Some other criticism is made of the findings, to which brief reference may be had. The court found: ''That said note was executed for and in consideration of the sum of $11,580 United States gold coin *loaned by said O. A. Lovdal to the defendant at the date thereof*,'' whereas, it is the claim of appellant that the note was given for a part of the purchase price of the tract of 38.8 acres of land which she bought from said Lovdal. But the variance, if it be such, is entirely immaterial. The validity of the note was not questioned and it makes not a particle of difference whether you call the consideration money loaned or owed for the purchase price of the land.

[3] Appellant claims that there is no specific finding as to the value of said land. The court, however, having found that the parties did not enter into the agreement upon which appellant relies, the value of the property became unimportant. (*Keegin* v. *Joyce,* 9 Cal. App. 207 [98 Pac. 396]; *Hulsman* v. *Todd,* 96 Cal. 228 [31 Pac. 39]; *Bliss* v. *Sneath,* 119 Cal. 526 [51 Pac. 848].)

We have carefully considered the points made by appellant, but we think no sufficient showing has been made to justify an interference with the conclusion of the court below.

The judgment is, therefore, affirmed.

Prewett, J., *pro tem.,* and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1921.

All the Justices concurred.

Lawlor, J., was absent; Richards, J., was acting.