(No. 5191.  November 29, 1929.)

T. F. WARNER, Respondent, v. REINHARD BOCK-STAHLER, Appellant.

[282 Pac. 862.]

Sweeley & Sweeley, for Appellant.

Harry Benoit and L. A. Warner, for Respondent.

BUDGE, C. J.—Edward L. Brackett and wife executed a first mortgage on land owned by them, and later a second mortgage to secure the payment of three notes for $500 each. The second mortgage contained the recital that it was "subject to a certain first mortgage" of $2,400. The property was purchased from the Bracketts by appellant, and the instrument of conveyance contained the statement—"this deed is subject to a mortgage of $2400 . . . . also to a mortgage of $1500 . . . . " The agreed purchase price was $5,400, and, deducting therefrom the amount of the two mortgages, appellant paid to the vendors the sum of $1,500. The first mortgage was foreclosed against the property, and, no redemption being made, sheriff's deed issued to the mortgagee.

Appellant repurchased the property from the holder of the sheriff's deed, and was the owner of the same at the time of the trial herein.

Respondent is the transferee of one of the $500 notes executed by the Bracketts in connection with the giving of the second mortgage on the property, and brought this action to recover upon said note, his cause of action as to a right of recovery against appellant being upon the theory that appellant, as part of the purchase price when he bought the property from the Bracketts, had assumed and agreed to pay the first and second mortgages, and the property having been sold in satisfaction of the first mortgage the security for the note in suit had been exhausted and appellant was subject to personal liability for the amount of the note, it representing a part of the unpaid purchase price of the property.

It was and is the contention of appellant—he having appealed from judgment in favor of respondent—that he did not assume and agree to pay the mortgages; and further, that the note in suit having been secured it was the duty of respondent to realize upon that security upon the maturity of the note and before foreclosure of the first mortgage, and not having done so the security was lost through his fault and neglect and the maker of the note or appellant could not be held personally liable.

It appears beyond question, from a consideration of the transaction involving the purchase of the land by appellant from the Bracketts, that it was intended that appellant assume the debt arising from the first and second mortgages. If not expressly so agreed, as testified to by Brackett, such intention may be derived from the warranty deed and implied from the facts and circumstances under which the purchase was made. While the recital in the deed that it was subject to the two mortgages would not be sufficient to fix appellant's liability for the payment of the note herein sued upon, the deed in another respect may be considered in connection with other facts and circumstances as showing at least an implied agreement on the part of appel-

lant to assume the payment of the amount in controversy. (*Siekman v. Moler*, 47 Ida. 446, 276 Pac. 309.) The agreed purchase price of the property as recited in the conveyance was $5,400, and appellant paid the Bracketts $1,500, leaving a balance of $3,900, the amounts of the two mortgages. Asked upon cross-examination if he were buying the property for $1,500, appellant answered, "No, not exactly; it was subject to two mortgages." It is clear from the transaction that appellant retained from the purchase price the amounts of the mortgages and thereby assumed the payment of the same and became personally liable for those debts. (2 Jones on Mortgages, 7th ed., 169; 3 R. C. L. Supp. 938; 41 C. J. 743, 744; 27 Cyc. 1349, 1354; *Lamka v. Donnely*, 163 Iowa, 255, 143 N. W. 869; *Bristol Sav. Bank v. Stiger*, 86 Iowa, 344, 53 N. W. 265; *Hopkins v. Warner*, 109 Cal. 133, 41 Pac. 868; *Interstate Land & Inv. Co. v. Logan*, 196 Ala. 196, 72 So. 36, 38; *Ray v. Lobdell*, 213 Ill. 389, 72 N. E. 1076; *Brosseau v. Lowy*, 209 Ill. 405, 70 N. E. 901; *Roberts v. Fitzallen*, 120 Cal. 482, 52 Pac. 818; *Rockwell v. Blair Sav. Bank*, 31 Neb. 128, 47. N. W. 641.)

Appellant ascribes to respondent the duty to have proceeded upon the maturity of his obligation to realize upon it by foreclosure of the second mortgage instead of allowing the security to be exhausted by foreclosure of the first mortgage. Under C. S., sec. 6949, recourse to the general assets of the debtor cannot be had until the security for the debt has been exhausted without the fault of the person having a mortgage lien thereon, or the same has become valueless. (*Clark v. Paddock*, 24 Ida. 142, 152, 132 Pac. 795, 46 L. R. A., N. S., 475.) Foreclosure of the first mortgage did exhaust the security—there was no redemption and a sheriff's deed issued—and we cannot say that failure of respondent to act against the security before the foreclosure of the prior lien imputed negligence on his part, or that thereby the security was lost through his fault. The security having been exhausted, appellant became personally liable for that portion of the purchase price of the land represented by the note held by respondent, and the present action for such recovery

was not improper under the circumstances. (See 18 Cal. Jur., sec. 533, pp. 249, 250; *Ferry v. Fisk,* 54 Cal. App. 763, 202 Pac. 964; *Savings Bank v. Central Market Co.,* 122 Cal. 28, 54 Pac. 273.)

The mortgage and note are to be construed as one contract, both provided for attorney fees, and allowance of such was not error. Likewise, it was permissible to charge interest on the note at the rate therein provided.

The judgment is affirmed. Costs to respondent.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.