## FARM & HOME SAVINGS & LOAN ASS'N v. LANDAU et al.

### No. 966.

Court of Civil Appeals of Texas. Eastland.

April 1, 1932.

Davidson, Doss & McMahon, of Abilene, for appellant.

Martin, Shipman & Winters, of Abilene, for appellees.

FUNDERBURK, J.

C. O. Hamm executed to Farm & Home Savings & Loan Association a note in the principal sum of $5,000, and gave a deed of trust upon a lot in Abilene to secure the same. He thereafter conveyed the lot to Nathan Landau, subject to the deed of trust lien. Landau subsequently conveyed the lot to W. W. Frambough, subject to said lien. The deed from Hamm to Landau in part provided: "That I, C. O. Hamm, a bachelor, of the county of Taylor, State of Texas, for and in consideration of the sum of Eight Thousand ($8,000.00) and no/100 Dollars, paid by Nathan Landau as follows: $3,090.00 cash, the receipt of which is hereby acknowledged and confessed, and subject to an outstanding indebtedness of $4,910.00, being an unpaid balance of a $5,000.00 loan, No. 128,995, dated ———, 1927, payable to the order of Farm & Home Savings & Loan Association of Missouri," etc. The deed from Landau to Frambough recited: "That we, Nathan Landau and wife, Bessie Landau, of the county of Taylor, State of Texas, for and in consideration of the sum of $5,500.00 to us in hand paid by W. W. Frambough as follows: Five Hundred Dollars cash, the receipt of which is hereby acknowledged, and the assumption of a balance of a certain loan held by the Farm & Home ——— Association, the original loan being for the sum of Five Thousand ($5,000.00) Dollars."

After said transfers of the land and default in payment of the note, a sale of the land was made by a substitute trustee under the power of sale in the deed of trust. Said association became the purchaser at this sale for the sum of $500, which, being credited upon the total indebtedness, left a balance of $4,072.09.

This suit was brought by said Farm & Home Savings & Loan Association against said Landau and Frambough upon their alleged several assumptions of said original note to recover the balance due thereon. C. O. Hamm, the original maker of the note, was alleged to be insolvent and his whereabouts unknown, for which reasons he was not made a party defendant.

The defendant Landau alleged that he had not assumed payment of the note; that the deed from Hamm to himself did not so provide; but, in the alternative, if it was properly so to be construed, then that the real agreement was that he was to take the land subject to the lien, without assumption of the debt, and that the provision of the deed was the result of mutual mistake of the

parties. The defendant Frambough admitted that the deed from Landau to himself was so written as to imply an assumption of the debt, but alleged that the real agreement was one for an exchange of equities, without assumption of the debt, and that the provision of the deed to the contrary was the result of mutual mistake. Said allegations were made as a basis for reformation of the deeds to correspond with the real agreement.

Upon a nonjury trial, the court gave judgment for the defendants. Conclusions of fact and law, upon request, were filed. The court found that in the deed from Hamm to Landau there was a mutual mistake, and that it was the intention of the parties that the vendee should take the land subject to the debt, and that it was not the intention of the vendee to assume the debt. He likewise found that in the deed from Landau to Frambough there was a mutual mistake, and that it was the intention of the parties to take the land subject to the debt, and that it was not the intention that the vendee assume the debt. The court further found that both Frambough and Landau had notice that said foreclosure was to take place and had advance notice that said property was going to be sold under said deed of trust. The court concluded, however, that, by reason of the mutual mistake in both the deeds, the defendants were not liable, and also concluded that plaintiff, having elected to pursue a foreclosure under its deed of trust, was therefore estopped from recovering a personal judgment against the defendants for the balance due upon the debt. From the judgment of the court the plaintiff has appealed.

■ Appellant presents, first, the question of the correctness of the trial court's conclusion to the effect that appellant, by proceeding to a sale of the property under the deed of trust, had thereby effected an election of remedies, and was estopped thereafter to recover judgment against the appellees upon their alleged several assumptions of the payment of the debt. We have concluded that the position of appellant upon this point is correct, and that the trial court erred in this respect. In 34 C. J. 843, 844, it is said: "An unsatisfied judgment on a debt, or on a note or bond evidencing it, is no bar to an action to enforce a mortgage or other lien given as security for such debt, note or bond. * * * Conversely, the foreclosure of the mortgage or lien will not prevent a suit on the debt, note or bond which it secures, no satisfaction having been obtained." In Waldrom v. Zacharie, 54 Tex. 503, it was held that a suit and judgment on a note was not res judicata of a subsequent suit to foreclose a lien given to secure the note. To the same effect were the holdings in McAlpin v. Burnett, 19 Tex. 500; Ball v. Hill, 48 Tex. 634; Slaughter v. Owens, 60 Tex. 668; Marshall v. Marshall (Tex. Civ. App.) 42 S. W. 353. These authorities, in the absence of any other, would, we think, require us to hold that there was no inconsistency in first having a foreclosure of the lien by sale of the property, and, after application of the proceeds upon the debt, then bringing suit to recover upon the debt for the deficiency.

Appellees rely upon the case of Ward v. Green, 88 Tex. 177, 30 S. W. 864. There are expressions in that case which seem to lend support to appellees' contention, but we are unable to adopt the view that it was intended to announce a rule directly contrary to the cases above cited, which it would be in principle, if given the construction contended for. The precise point here presented was involved in Middleton v. Nibling (Tex. Civ. App.) 142 S. W. 968. In that case Ward v. Green was urged to support a contention the same as appellees' here; and the Court of Civil Appeals pointed out several respects in which the cases were distinguishable. We think the holding in Middleton v. Nibling is correct, and as a statement of the law is determinative in favor of appellant's contention of the question here involved.

■ ■ Appellant next insists that there was no evidence to support the conclusion of fact of the trial court, to the effect that Hamm and Landau intended that the conveyance from Hamm to Landau should be subject to the then existing lien, without any assumption thereof by Landau. We have concluded upon this point that, in order to show the real consideration for said deed, and thereby show that Landau did not assume the mortgage debt, it was unnecessary for him to plead mistake in the deed or have reformation thereof. Whether or not the deed is prima facie evidence that the grantee therein assumed the mortgage debt is a question of considerable difficulty, and one we find it unnecessary to determine. If the deed is at all evidentiary of an assumption, such assumption is implied and not expressed. The proposition that an assumption may, under certain circumstances, be implied, seems to be well fortified by authority. There is good authority to support the proposition that, where land is purchased subject to a mortgage, and the amount of the mortgage has been retained by the purchaser out of the agreed purchase price, such purchaser will be held to have assumed the payment of the mortgage. 41 C. J. 724, § 770; Fisher v. Hemming (Tex. Civ. App.) 164 S. W. 913; Beitel v. Dobbin (Tex. Civ. App.) 44 S. W. 299; Michigan Sav. & Loan Ass'n v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569; Jones v. Gough (Tex. Civ. App.) 175 S. W. 1107; Heid v. Vreeland, 30 N. J. Eq. 591; Rosenthal v. Heft, 155 Md. 410, 142 A. 598, 599; Siekman v. Moler, 47 Idaho, 446, 276 P. 309; Warner v. Reinhard Bockstahler, 48 Idaho, 419, 282 P. 862.

If this proposition be assumed to be correct, then perhaps the deed would constitute some evidence of an assumption so as to place upon the defendant Landau the burden of introducing evidence to overcome the prima facie case. But, if the deed implies an assumption, it is not a conclusive implication. Another rule or principle may be shown to be applicable. The rule above stated does not apply (at least not necessarily so) where the real consideration is the exchange of property, because it cannot be so certainly shown that the amount of the mortgage debt is deducted from the purchase price. It is inaccurate to say there is a purchase price in a deal which involves an exchange of property. As applying to a case of the exchange of property, the rule (or an exception to the rule above) is stated in C. J., as follows: "The implication does not arise where the transaction involves the exchange of equities in respective tracts of lands and values are considered only, if at all, for the purpose of adjusting differences." 41 C. J. 725, § 770. The same authority says: "Where the owner of mortgaged land, taking a conveyance subject to the mortgage, the parties agreeing to trade an equity for an equity, the presumption of assumption of the mortgage debt generally arising from its deduction from the purchase money, does not apply, and in the absence of other evidence of assumption he is not personally liable to pay the mortgage debt secured by the property conveyed to him." Id.

These two rules (or rule and exception) and the differing conditions under which they are applicable are well illustrated in McGlasson v. Johnson, 86 Iowa, 477, 53 N. W. 267. Whatever may be said as to the weakness of the testimony to show that there was no assumption of the debt, the evidence does show rather conclusively that the transaction involved an exchange of equities in property. This fact alone, we think, was sufficient to meet the appellant's prima facie case and cast upon him the burden of producing more testimony to prove an assumption. Landau did not have the burden, we think, of proving an agreement that there was to be no assumption of the debt, but, without the pleading of mistake, was permitted to prove the true consideration, and, if the true consideration did not include an agreement to assume the debt, by so showing he was able to overcome the prima facie showing, if any, made by the appellant, upon whom the burden rested to prove the assumption. We have therefore concluded that the finding of the trial court that Landau did not assume the debt was justified under the evidence.

The question of whether or not there was evidence to show that Frambough, in the conveyance from Landau to him, did not assume the debt, must be considered, we think, upon a somewhat different footing. This deed contains an express assumption. The general rule that, in the absence of proof of fraud and mistake, parol evidence is inadmissible to vary, add to, or contradict a valid written contract or other instrument which is complete and unambiguous on its face (17 Tex. Jur. p. 791, § 352), is sometimes not applicable to the consideration recited in an instrument (17 Tex. Jur. p. 849, § 385). This exception to the general rule applies, however, only to recitations regarding executed considerations. Where the consideration is contractual in its nature, the general rule applies. "Where the recited consideration is contractual it may not be varied, added to or qualified by parol evidence unless fraud, accident or mistake is alleged, especially where the offered evidence would have the effect of varying the terms of the contract or adding to or taking away from the obligation expressed in the writing." 17 Tex. Jur. p. 854, § 388; Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37. It has been held that a written promise to perform in the future, whether by money or services, is contractual. Chalk v. Daggett (Tex. Com. App.) 257 S. W. 228.

The application of these principles leads us to conclude that it was necessary for Frambough, in order to introduce evidence to show that there was no assumption of the debt, to plead fraud or mistake. Having pleaded mistake as a basis for proof of the real agreement, and to show mutual mistake in the writing of the deed, it was incumbent upon him to support his plea with evidence. But we think we would be unwarranted in holding that there was no evidence to show that the real agreement between these parties was such that Frambough was not to assume the debt. As in the case of the deed from Hamm to Landau, the evidence very clearly shows that the real nature of the transaction was not as the deed upon its face would suggest; namely, a purchase and sale of the land for a price, but it involved an exchange of equities in different properties. Evidence that the transaction was only an exchange of equities would be to some extent evidentiary that the grantee was not to assume payment of the outstanding mortgage debt. That such was the real nature of the transaction was testified to by both the grantor and grantee in the deed and also by Dudley. Dudley, it seems, acted as agent for both parties in the negotiations, as well as in writing the deed. His acts therefore were the acts of both parties and his mistakes, if any, no more chargeable to one than the other. With evidence to justify, if not require, a finding, that the real consideration agreed upon did not include an assumption of the debt by Frambough, and, in the absence of negligence chargeable to Frambough, we cannot say that an inference would not be warranted that the recital in

the deed, being contrary to the real agreement, was a mistake. Whatever inferences that may be properly drawn from facts in evidence are as much to be considered as the facts themselves in determining a question whether there is any evidence to support a given finding.

These considerations lead us to conclude that the judgment of the trial court should be affirmed, and it is accordingly so ordered.