851 P.2d 970

**IDAHO POWER COMPANY, an Idaho corporation, Plaintiff–Respondent,**

v.

**The BENJ. HOUSEMAN COMPANY, Successor in Interest to the Zachreson Company, Defendant–Appellant.**

**No. 20083.**

Supreme Court of Idaho,
Boise, February 1993 Term.

April 29, 1993.

Lojek, Gabbert & Strother, Chtd., of Boise, for defendant-appellant. Jeffrey A. Strother argued.

Ellis, Brown and Sheils, Chtd., of Boise, for plaintiff-respondent. Martin T. Neils argued.

JOHNSON, Justice.

This is a collection case. We hold that a mortgagee is not precluded from suing to collect the entire debt secured by a mortgage where the debt was not due and where there was no basis to foreclose the mortgage at the time the property was sold to a third party by the trustee of prior deeds of trust for less than the fair market value of the property.

**I.**

**THE BACKGROUND AND PRIOR PROCEEDINGS.**

On May 12, 1981, The Zachreson Company (Zachreson) entered into eleven weatherization agreements with Idaho Power Company. Each agreement required Idaho Power to weatherize a building owned by Zachreson. Zachreson agreed to pay for this work on July 12, 1991, or whenever the weatherized property was transferred, whichever occurred first. Zachreson agreed to pay a total of $17,651.76. Idaho Power did not require Zachreson to pay interest.

To secure payment, Zachreson gave Idaho Power a mortgage on each of the eleven properties. Each of the eleven mortgages was subject to one or the other of two senior deeds of trust. In 1988, the trustee of the two senior deeds of trust instituted non-judicial foreclosure proceedings on all eleven parcels. The trustee gave Idaho Power notice of the foreclosure sales, but Idaho Power did not participate in any of the sales. The sales took place on July 5, 1988.

The successful bids at the foreclosure sales totaled $455,679.57. The fair market value of the property sold was at least

$495,000.00. According to these figures, which are not disputed on appeal, the fair market value of the property exceeded the total of the amount secured by the senior deeds of trust and the debt secured by Idaho Power's mortgages.

The Benj. Houseman Company (Houseman) is the successor in interest to Zachreson. Neither Zachreson nor Houseman ever paid any part of the $17,651.76 owed to Idaho Power. Idaho Power sued Houseman for the amount Zachreson agreed to pay for the weatherization. The trial court granted summary judgment to Idaho Power, rejecting Houseman's arguments that the single-action statute (I.C. § 6–101) and the statute limiting deficiency judgments in mortgage foreclosures (I.C. § 6–108) barred Idaho Power's action. Houseman appealed.

## II.

### NEITHER I.C. § 6–101 NOR I.C. § 6–108 BAR IDAHO POWER'S ACTION.

■ Houseman asserts that I.C. §§ 6–101 and 6–108 bar Idaho Power's right to recover from Houseman. We disagree.

The two statutes upon which Houseman premises its appeal provide:

**6–101. Proceedings in foreclosure— Effect of foreclosure on holder of unrecorded lien.**—There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the incumbered property (or so much thereof as may be necessary) and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale, and the amount due to the plaintiff; and sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption as in the case of sales under execution; (and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt), and it becomes a lien on the real estate of such judgment debtor, as in other cases on which execution may be issued.

No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the commencement of the action, need be made a party to such action; and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action.

**6–108. Deficiency judgments— Amount restricted.**—No court in the state of Idaho shall have jurisdiction to enter a deficiency judgment in any case involving a foreclosure of a mortgage on real property in any amount greater than the difference between the mortgage indebtedness, as determined by the decree, plus costs of foreclosure and sale, and the reasonable value of the mortgaged property, to be determined by the court in the decree upon the taking of evidence of such value.

Neither of these statutes applies to this case. Under the terms of the mortgages, Zachreson's obligation to Idaho Power did not become due until the property was sold by the trustee of the senior deeds of trust. Therefore, Idaho Power had no right to foreclose its mortgages before the trustee sold the property. The sales by the trustee foreclosed and terminated all interest Idaho Power had in the property, and Idaho Power had no right to redeem the property from the purchaser at the trustee's sales. I.C. § 45–1508. Idaho Power's mortgage lien on the property became valueless at the time of the trustee's sale. *Warner v. Bockstahler*, 48 Idaho 419, 423, 282 P. 862, 863 (1929).

■ A mortgagee may bring a direct action on a debt secured by the mortgage, if the mortgage is valueless. *Clark v.*

*Paddock,* 24 Idaho 142, 152, 132 P. 795, 798 (1913).

## III.

## CONCLUSION.

We affirm the trial court's summary judgment in favor of Idaho Power.

We award costs to Idaho Power on appeal, together with attorney fees pursuant to I.C. § 12–120(3).

McDEVITT, C.J., BISTLINE and TROUT, JJ., and JUDD, J., Pro Tem, concur.